Opinion issued April 19, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00361-CV

———————————

**FREDDIE L. WALKER, Appellant**

**V.**

**RISSIE OWENS, PRESIDING OFFICER OF THE TEXAS BOARD OF PARDONS AND PAROLES, Appellee**

---

**On Appeal from the 126th District Court**
**Travis County, Texas**
**Trial Court Case No. D-1-GN-14-001926**

---

## OPINION

Freddie L. Walker, an inmate at the Ellis Unit of the Texas Department of Criminal Justice—Institutional Division, sued Rissie Owens, Presiding Officer of the Texas Board of Pardons and Paroles, alleging violations of his due process rights

under the United States and Texas Constitutions. Pursuant to Rule 91a of the Texas Rules of Civil Procedure, the trial court dismissed Walker's suit. On appeal, Walker contends that the trial court erred in granting Owens's motion to dismiss and failing to reach the merits of Walker's complaint. We affirm.[1]

## Background

On June 19, 2014, Walker filed suit against Owens alleging that his rights to procedural due process were violated when he was denied release to parole status and a special parole review. Walker also filed a motion for protective order requesting that his September 2014 review for consideration for release to parole status be conducted by another board office.

On July 24, 2014, Owens filed a motion to dismiss Walker's cause of action as baseless pursuant to Civil Rule of Procedure 91a. On September 2, 2014, the trial court held a hearing on Walker's motion for protective order. When Owens's counsel attempted to argue the Rule 91a motion to dismiss at the hearing, Walker objected arguing that he had not been provided with the required fourteen days' notice under Rule 91a.6. Owens's counsel acknowledged that Walker had not been

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer"). We are unaware of any conflict between precedent from the Court of Appeals of the Third District and that of this Court on the relevant issues. *See* TEX. R. APP. P. 41.3.

2

provided sufficient notice, and the trial court ruled that the motion would be re-set for hearing at a later date. The trial court denied Walker's motion for protective order.

On March 4, 2015, the trial court held a hearing on Owens's motion to dismiss.[2] At the hearing, Owens argued that Walker's claim should be dismissed as having no basis in law because a Texas prisoner has no constitutionally protected liberty interest in parole, and therefore, Walker could not mount a challenge to state parole review procedure on either substantive or procedural grounds. Walker objected to the timeliness of the motion on procedural grounds. At the conclusion of the hearing, the trial court granted Owens's motion to dismiss and signed a final judgment dismissing Walker's suit. Walker timely filed this appeal.

## Discussion

On appeal, Walker contends that the trial court erred by (1) granting Owens's motion to dismiss in violation of Rule 91a.2, (2) failing to reach the merits of Walker's complaint at the March 4, 2015 hearing, and (3) granting Owens's motion in violation of Rule 91a.3.

---

[2]     Owens filed a notice of the hearing on January 26, 2015.

## A. Texas Rule of Civil Procedure 91a

Rule 91a, which became effective March 1, 2013, allows a party to move the court to dismiss a groundless cause of action. *See Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The rule provides that

> a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1.

The motion to dismiss must (1) state that it is made pursuant to the rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons the cause of action has no basis in law, in fact, or both. *Id*. R. 91a.2. A Rule 91a motion must be filed within sixty days after the first pleading containing the challenged cause of action is served on the movant, and at least twenty-one days before the motion is heard. *Id.* R. 91a.3(a), (b). The rule further states that the motion must be granted or denied within forty-five days after the motion is filed. *Id.* R. 91a.3(c). The parties are entitled to at least fourteen days' notice of the hearing on the motion to dismiss; however, the trial court is not required to conduct an oral hearing. *Id.* R. 91a.6.

4

We review a dismissal under Rule 91a de novo. *See Dailey*, 445 S.W.3d at 788. We look only to "the pleading of the cause of action, together with any pleading exhibits" and do not consider any other part of the record. TEX. R. CIV. P. 91a.6.

## B. Analysis

In his first issue, Walker contends that the trial court erred in granting the motion to dismiss because the motion fails to comply with Rule 91a.2. Specifically, he contends that the motion fails to (1) state that it is made pursuant to the rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons the cause of action has no basis in law or fact, or both.

In her motion to dismiss, Owens states, in relevant part:

> NOW COMES defendant Rissie Owens, by and through the Attorney General of Texas, and files this her Motion to Dismiss Baseless Cause of Action, pursuant to Texas Rule of Civil Procedure 91a, in the above cause of action. . . . It is plaintiff's belief that defendant, as Presiding Chair of the [Texas Board of Pardons and Paroles], violated his Fourteenth Amendment right to procedural due process. Specifically, plaintiff Walker alleges that defendant failed to follow the requisites of both the Texas Administrative Code and the Texas Government Code during his most recent parole review and request for special parole review. . . . Plaintiff's suit, founded on the principle that he has a liberty interest in being released on parole, has no basis in law. . . . [I]t has long been recognized that Texas law *does not* create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole. It is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." (emphasis in original) (citation omitted).

Because we conclude that Owens's motion complies with the requirements of Rule 91a.2, we overrule Walker's first issue.

In his second issue, Walker argues that the trial court erred when it failed to reach the merits of his complaint at the March 4, 2015 hearing. The transcript of the March 4 hearing reflects that Owens's counsel presented the same argument outlined in her motion, i.e., that Walker's cause of action, premised on the theory that he has a constitutionally protected liberty interest in being released on parole and that the board violated his due process rights by not considering new information, should be dismissed as groundless because it is contrary to well-established precedent. *See Conditt v. Owens*, 457 Fed. App'x 420, 421 (5th Cir. 2012) (noting Fifth Circuit has long held that Texas prisoners have no protected liberty interest in parole and, therefore, defendant could not raise procedural or substantive due process challenge to any state parole review procedure) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997)). The record further reflects that when the trial court noted that Walker had only made a procedural objection and asked whether he had any substantive or merits-based defense to the motion, Walker replied, "No, sir, your Honor. Rule 91a.3 is basically my argument. I don't have anything else." Thus, the trial court considered the merits of Walker's complaint and determined that it had no basis in law. We overrule his second issue.

In his third issue, Walker contends that the trial court erred in granting the motion because it failed to comply with Rule 91a.3(c), which states that "[a] motion to dismiss must be . . . granted or denied within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3(c). Here, the record reflects that Owens filed her motion to dismiss on July 24, 2014, and that the trial court granted the motion on March 4, 2015, more than forty-five days after the motion was filed.

The word "must" is generally construed as mandatory, and, therefore, as creating a duty or obligation. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Here, the trial court did not comply with the forty-five day deadline, and its failure to do so was error.[3] Rule 91a, however, does not contain any sanction for non-compliance with the forty-five day deadline, and we have not identified any Texas authority addressing the effect of a trial court's failure to comply. In any case, the court's non-compliance with the mandatory language of the rule will not result in reversal if the error is found to be harmless. *See Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 820 (Tex. 1980) (noting harmless error rule "by its very terms applies to all errors in that it draws no distinction as to the type of errors involved in its requirement for reversal"); *C. E. Duke's Wrecker Serv., Inc. v. Oakley*, 526 S.W.2d 228, 233 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.)

---

[3] We note that the movant, whom Rule 91a was intended to benefit by the creation of an early dismissal procedure, is ordinarily the party heard to complain about a trial court's non-compliance with a deadline under the rule.

(concluding harmless error rule is applicable where trial court has failed to comply with procedural rule adopted by Texas Supreme Court, even though such rule is couched in mandatory language). The trial court concluded that Walker's complaint of a constitutional violation for denial of parole had no basis in law and, therefore, had to be dismissed. Walker has not identified any prejudice to him resulting from the trial court's error in failing to comply with deadline. For example, he does not contend that the parties engaged in any discovery or other furtherance of the litigation process after the deadline passed. The motion simply remained pending during that period. The court's failure to dismiss the claim within forty-five days, while error, was not harmful to Walker.

Having found the trial court's non-compliance with the forty-five day deadline harmless, we overrule Walker's third issue. *See Malone v. Malone*, No. 06-10-00083-CV, 2011 WL 908176, at *5 (Tex. App.—Texarkana Jan. 7, 2011, no pet.) (mem. op.) (concluding that trial court's failure to comply with rules of civil procedure related to appointment of commissioners to partition real estate was harmless where commissioners were notified of appointment and defendant failed to establish harm from non-compliance).

**Conclusion**

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Bland, Brown, and Lloyd.