**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00502-CV

**DAVID L. GLASSEL, DEAN D. GLASSEL, AMERICAN CEDAR TECHNOLOGY CORPORATION, TEXAS PURE INDUSTRIES, INC., JAYNE R. NIEMAN, JOHN GLASSEL, CHARLIE TUFT, AND ENRIQUE TORRES, Appellants**

**V.**

**ANDREW MILNER, WINDSOR AUCTION COMPANY, Appellees**

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2016-75832

## M E M O R A N D U M   O P I N I O N

This appeal concerns the effect of a late order of dismissal under Rule 91a of the Texas Rules of Civil Procedure. Appellants David L. Glassel, Dean D. Glassel, John Glassel, American Cedar Technology Corporation, Texas Pure Industries, Inc., Jayne R. Nieman, Charlie Tuft, and Enrique Torres appeal from the final judgment

dismissing their lawsuit. In their first issue, appellants argue that the trial court erred by signing the order of dismissal after the rule's 45-day deadline. We overrule this issue because appellants have not identified how they were harmed by the trial court's delayed ruling. Appellants argue in their second issue that if we reverse the trial court's dismissal order, we must also reverse the award of attorney's fees contained in the trial court's final judgment. We overrule this issue because we have not reversed the trial court's dismissal order. We therefore affirm the trial court's final judgment.

## BACKGROUND

American Cedar and the other appellants occupied a leased building in Spring, Texas. American Cedar alleged that it was the only tenant in the building and had been since 2014.[1] In August 2016, Lieutenant James Sharmon from the civil writs department of the Harris County Constable's office visited the leased premises. Sharmon informed the building's occupants that constables from his office would soon evict Old Town Spring Holdings Incorporated and seize its property pursuant to a court order. American Cedar's manager told Sharmon that the building was no longer occupied by Old Town Spring Holdings. The manager also told Sharmon that all personal property in the building belonged to either American Cedar or the other appellants in this case. Sharmon insisted that all personal property would be removed from the building the next Monday.

The next Monday, the constables arrived and ordered appellants to leave the building and not return. The constables seized the personal property in the building

---

[1] This statement of facts is based on appellants' allegations found in their First Amended Petition. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("In conducting our review . . . we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact.").

and had appellee Windsor Auction Company remove and store the seized property. Appellee Andrew Milner, Windsor Auction's vice-president, directed the removal of the seized property. Windsor Auction claimed a warehouse lien on the seized property and eventually sold the property to itself to pay the lien.

Appellants filed suit against appellees (collectively "Windsor Auction"), alleging numerous causes of action. All causes of action are based on Windsor Auction's seizure and subsequent sale of the property. After filing an answer, Windsor Auction moved to dismiss appellants' lawsuit pursuant to Rule 91a of the Texas Rules of Civil Procedure on January 9, 2017. *See* Tex. R. Civ. P. 91a.1 (providing that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.").

The trial court granted Windsor Auction's motion to dismiss on February 21. On March 14, however, the trial court signed an order vacating the dismissal order in its entirety because it had incorrectly addressed the claims of certain individual appellants who had not yet filed responses. The same day, the trial court signed a new order dismissing all of appellants' claims against Windsor Auction pursuant to its original Rule 91a motion. It is undisputed that the trial court signed this dismissal order more than 45 days after the original Rule 91a motion was filed. *See* Tex. R. Civ. P. 91a.3(c) ("A motion to dismiss must be . . . granted or denied within 45 days after the motion is filed."). The trial court eventually signed a final judgment dismissing appellants' causes of action and awarding Windsor Auction its attorneys' fees. This appeal followed.

## ANALYSIS

Appellants raise two issues on appeal. Relying on Rule 91a.3(c)'s language that a trial court "must" grant or deny a motion to dismiss within 45 days of its filing, appellants argue in their first issue that the trial court erred when it signed the second

dismissal order after the rule's deadline.[2]  We review a Rule 91a dismissal order de novo.  *See City of Dallas v. Sanchez*, 494 S.W.3d 772, 774 (Tex. 2016); *Wooley*, 447 S.W.3d at 75–76.

This appeal presents the same issue recently addressed in *Walker v. Owens*, a First Court of Appeals case.  492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  In *Walker*, the plaintiff argued that the trial court erred because it granted the defendant's Rule 91a motion more than 45 days after the motion was filed.  *Id.*  The court of appeals agreed.  *See id.* ("The word 'must' is generally construed as mandatory, and, therefore, as creating a duty or obligation.").  The court then observed that Rule 91a does not provide any consequence for failure to comply with the 45-day deadline.  *Id.*  The court went on to conclude that a trial court's "non-compliance with the mandatory language of the rule will not result in reversal if the error is found to be harmless."  *Id.* at 791; *see also Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 603 (Tex. App.—Corpus Christi 2017, no pet.) (concluding Rule 91a.3(c) 45-day deadline is not jurisdictional).  Pointing out the plaintiff's failure to identify any prejudice related to the delayed ruling, our sister court held that the trial court's error was harmless.  *See Walker*, 492 S.W.3d at 791 ("The motion simply remained pending during that period.  The court's failure to dismiss the claim within forty-five days, while error, was not harmful to Walker.").

The situation is the same here.  Appellants have not identified how the trial court's late dismissal ruling prejudiced them beyond the fact that it came after the 45-day deadline.  We therefore conclude the late ruling was not harmful to appellants and overrule their first issue.  *See id.*

---

[2] Appellants have not raised any issue on appeal challenging the merits of the trial court's ruling on the motion to dismiss.  For example, appellants do not argue that their claims have a basis in law and fact.  We therefore do not consider that issue.

Appellants conditionally argue in their second issue that if we sustain their first issue and reverse the trial court's Rule 91a dismissal order, we must also reverse the award of attorney's fees. Appellants offer no other basis to reverse the fee award. Because we have not reversed the trial court's dismissal order, we overrule appellants' second issue.

## CONCLUSION

Having overruled appellants' issues on appeal, we affirm the trial court's judgment.


/s/ J. Brett Busby
   Justice


Panel consists of Justices Busby, Brown, and Jewell.