**Conditionally granted and Opinion Filed June 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

**No. 05-19-00559-CV**
_____

**IN RE JOEL KELLEY INTERESTS, INC., Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-05835**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Reichek

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on relator's Rule 91a motion to dismiss. We granted the parties' agreed stay of the underlying proceedings and requested a response from the real party in interest and respondent. After reviewing the petition, the real party in interest's response, and the mandamus record, we conditionally grant the writ.

### Background

Relator filed the Rule 91a motion on June 21, 2018, and the court heard the motion on September 11, 2018. On April 22, 2019, a month before the May 21, 2019 trial setting, relator filed a letter inquiring about the status of a ruling on the motion. When the trial court had still not ruled by May 13, 2019, the week before trial, relator filed this original proceeding.

## Mandamus Standard

"'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (internal citations omitted). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial court is required to consider and rule upon a motion within a reasonable time. *Safety–Kleen Corp.*, 945 S.W.2d at 269. No litigant is entitled to a hearing at whatever time he may choose, however. *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig*, 426 S.W.3d at 107; *In re Sarkissian*, 243 S.W.3d at 861. Whether a reasonable time for the trial court to act has lapsed depends upon the circumstances of each case, and no bright line separates a reasonable time period from an unreasonable one. *In re Shapira*, No. 05-16-00184-CV, 2016 WL 1756754, at *1 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding) (mem. op.). Among the criteria included are the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.*; *In re First Mercury Ins. Co.*, No.13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.).

**Applicable Law**

Although Rule 91a provides that the motion should be granted or denied within 45 days of the hearing on the motion, the rule prescribes no consequences for a trial court's failure to rule within the deadline. TEX. R. CIV. P. 91a.3(c). The absence of any ramifications signals that the 45-day deadline is not jurisdictional and, as such, the "non-ruling" is not converted into a denial by operation of law. *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 840 (Tex. App.—Houston [14th Dist.] Apr. 16, 2019, no pet.) (per curiam); *Glassel v. Milner*, No. 14-17-00502-CV, 2018 WL 3977165, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *Walker v. Owen*s, 492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The purpose of Rule 91a, however, is to require the early and speedy dismissal of baseless claims. *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 805 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *In re Butt*, 495 S.W.3d 455, 460 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding). A trial court should, therefore, decide Rule 91a motions expeditiously.

**Discussion**

Here, relator filed the motion almost a year ago, and the trial court heard the motion nearly nine months ago. The trial court has had more than a reasonable amount of time to rule. The real party in interest argues that relator is not entitled to mandamus relief because relator waited too long to ask the trial court to rule after the 45-day deadline had passed. While we agree that the better practice is to remind the trial court of the 45-day deadline and request a ruling before the deadline passes, we are also sympathetic to attorneys who might feel constrained in reminding the trial court to rule on motions that have a non-jurisdictional deadline. Relator requested a ruling a month before trial, rather than the eve of trial, and then sought relief in this Court a week before trial. The parties then agreed to stay the underlying proceedings to allow this Court to consider

–3–

the mandamus petition. Although an earlier request for ruling certainly would have been preferable, the record does not indicate relator's filings were a delay tactic. Further, we commend counsel for both parties for amicably proceeding to obtain a resolution without forcing the case to trial.

Under this record, we conclude the trial court violated its ministerial duty to rule on relator's Rule 91a motion to dismiss within a reasonable time, and relator is entitled to mandamus relief. Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to issue a written ruling on relator's Rule 91a motion to dismiss within thirty days of the date of this opinion. A writ will issue if the trial court fails to comply.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

190559F.P05