

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-19-00662-CV

**MEDFIN MANAGER, LLC** and Joel Clapick,
Appellants

v.

Robert M. **STONE** and Raymond S. DeLeon,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-17804
Honorable Laura Salinas, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 26, 2020

REVERSED AND REMANDED

Appellants MedFin Manager, LLC and Joel Clapick (collectively MedFin) sued attorneys

Robert M. Stone and Raymond S. DeLeon (collectively Stone) for multiple civil causes of action.

Stone moved to dismiss under Rule 91a, MedFin amended its claims, and Stone filed an amended

motion, but it did not comply with the Rule.

---

[1] The Honorable Karen Pozza is the presiding judge of the 407th Judicial District Court. The Honorable Laura Salinas signed the order of dismissal at issue in this appeal.

The trial court erred by failing to grant or deny the motion within the time required and by ruling on a motion it could not consider. Further, MedFin was harmed by the trial court's order. Therefore, we reverse the trial court's order and remand this cause for further proceedings.

## BACKGROUND

Shortly after he was injured in an automobile accident, John Salas hired The Carlson Law Firm, P.C. and Steve Dummitt, an attorney associated with Carlson, to represent him. Salas suffered lower and mid-back injuries from the accident, and Salas and Dummitt arranged for MedFin—a medical factoring company—to pay for the back surgery and other medical services Salas received due to the accident. In June 2014, a few months after Salas underwent surgery, Carlson and Dummitt sued the owner of the vehicle that caused Salas's injuries.

Approximately ten weeks after the suit was filed, Salas terminated his relationship with Carlson and Dummitt, and he hired Raymond S. DeLeon and Robert M. Stone to represent him.

In November 2014, MedFin advised Stone that it had acquired the contracts associated with Salas's medical bills, which were about $210,000.

In February 2015, Carlson intervened in Salas's suit seeking 45% of the gross settlement plus expenses. Salas sued Carlson and MedFin for civil conspiracy.

In its first amended answer filed on July 21, 2016, MedFin counterclaimed against Stone for tortious interference with contract and civil conspiracy.

On September 8, 2016, Stone filed its original motion to dismiss under Rule 91a against MedFin's claims. *See* TEX. R. CIV. P. 91a.

On September 23, 2016, MedFin filed an amended counterclaim which added claims against Stone for defamation, slander, and civil conspiracy to commit defamation and slander.[2]

---

[2] At the September 30, 2016 and November 29, 2016 hearings, MedFin argued its claims included fraud claims. At the November hearing, Stone argued MedFin's allegations of fraudulent misrepresentations and fraudulent

At the September 30, 2016 hearing on Stone's motion to dismiss, Stone acknowledged that its motion to dismiss did not specifically identify MedFin's defamation and slander claims, and Stone sought leave to amend its motion. The trial court granted leave, and Stone filed its amended motion to dismiss on October 26, 2016.

The trial court heard the amended motion to dismiss on November 29, 2016, and it signed an order granting the amended motion on January 4, 2017. The trial court severed the action between MedFin and Stone, which made the dismissal order final, and MedFin appeals.

Before we address the issues, we summarize the parties' arguments.

## ISSUES FOR REVIEW

### A. Parties' Briefs

In its opening brief, MedFin raises two issues. First, the trial court erred by ruling on Stone's motion to dismiss more than forty-five days after the motion was filed. Second, the trial court erred by granting Stone leave to amend its motion in contravention of Rule 91a. MedFin asks this court to reverse the trial court's judgment and award it attorney's fees under Rule 91a.

In its brief, Stone argues that Rule 91a's requirement that the trial court decide the motion within forty-five days after the motion was filed was merely directory, not jurisdictional. *See* TEX. R. CIV. P. 91a.3(c). Stone contends that even if the trial court erred, any error was harmless, and because MedFin failed to address harm in its opening brief, we may not consider the issue.

In its reply brief, for the first time, MedFin argues that the trial court's decision harmed MedFin because the attorney's fees the trial court awarded included fees to draft and argue the amended motion—which the trial court was prohibited from considering.

---

representations were not separate fraud claims but were merely allegations within MedFin's other claims. We need not, and do not, decide whether MedFin raised any fraud claims. *See* TEX. R. APP. P. 47.1.

**B.** **Issues Raised**

Generally, we may not consider an issue not raised in an appellant's brief. *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court."); *Hutchison v. Pharris*, 158 S.W.3d 554, 564 (Tex. App.—Fort Worth 2005, no pet.). But if the appellee raises and fully briefs an issue, and the appellant replies and likewise fully briefs the issue, we may consider it. *Hutchison*, 158 S.W.3d at 564 (citing *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 8 (Tex. App.—San Antonio 2004, pet. denied)).

Here, Stone raised and briefed its point that MedFin failed to argue in its opening brief that it was harmed by the trial court's alleged error. *See id.* MedFin replied to Stone's point with its own argument and authorities to show how the trial court's alleged error caused MedFin harm. *See id.*

We conclude that the parties raised and briefed the harmless error issue, it is properly before us, and we will consider it. *See id.*; *see also McAlester Fuel Co.*, 257 S.W.3d at 737.

## IS RULE 91A.3(C) JURISDICTIONAL?

In its first issue, MedFin argues the trial court erred because the trial court did not rule on Stone's original motion within forty-five days after the motion was filed. MedFin contends that after the forty-fifth day, the trial court lost jurisdiction to rule on the motion, the motion was denied by operation of law, and MedFin is entitled to its attorney's fees.

We agree with MedFin that the trial court erred by failing to comply with Rule 91a.3's requirement to grant or deny the motion within forty-five days after the motion was filed, but we disagree with MedFin's interpretation of the consequence.

**A.    Standard of Review**

"Rule interpretation, like statutory interpretation, is . . . a question of law over which the trial court has no discretion, and which we review de novo." *Manderscheid v. Laz Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *accord Teladoc, Inc. v. Tex. Med. Bd.*, 453 S.W.3d 606, 614 (Tex. App.—Austin 2014, pet. denied) ("Construction of both statutes and administrative rules presents questions of law that we review de novo under traditional principles of statutory construction."); *see also TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011) ("We further interpret administrative rules, like statutes, under traditional principles of statutory construction.").

**B.    Deadline to Decide**

Rule 91a.3 requires that "[a] motion to dismiss must be . . . granted or denied within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3. "The word 'must' is generally construed as mandatory, and, therefore, as creating a duty or obligation." *Walker v. Owens*, 492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001)). "While it is true that Rule 91a.3 provides that a motion to dismiss 'must be . . . granted or denied within 45 days after the motion is filed,' the Rule does not provide any consequences if a court takes no action on the motion within the prescribed period." *Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied) (quoting TEX. R. CIV. P. 91a.3(c)). "If a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory." *Helena Chem.*, 47 S.W.3d at 495; *accord AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 707–08 (Tex. 2018).

**C.**     **Rule is Not Jurisdictional**

Here, Rule 91a.3 expressly states the trial court must grant or deny the motion "within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3. But the Rule's plain language does not impose a penalty for the trial court's failure to rule within the forty-five days. *Cf. Helena Chem.*, 47 S.W.3d at 495; *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 840 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

If the legislature had wanted the trial court's failure to timely rule to cause an automatic denial of the motion, it could have included that provision in the statute, but it did not. *See* TEX. GOV'T CODE ANN. 22.004(g) (empowering statute); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi 2017, no pet.) (construing Rule 91a); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a) (including language that expressly denies by operation of law a motion not timely decided by the trial court).

Similarly, if the Texas Supreme Court wanted an automatic denial for the trial court's failure to timely decide, it could have included that provision in the Rule, but it did not. *See* TEX. R. CIV. P. 91a.3; *Reaves*, 518 S.W.3d at 602.

Thus, like our sister courts, we conclude that a trial court's failure to grant or deny the motion within forty-five days is error, but the Rule's deadline is directory, not jurisdictional. *See San Jacinto River Auth.*, 572 S.W.3d at 840; *Reaves*, 518 S.W.3d at 602; *Koenig*, 497 S.W.3d at 598; *Walker*, 492 S.W.3d at 790. Therefore, although the trial court erred when it failed to grant or deny the motion within the forty-five-day period, it did not lose its jurisdiction to decide Stone's motion to dismiss. *See Helena Chem.*, 47 S.W.3d at 495; *Koenig*, 497 S.W.3d at 598.

To determine whether there was reversible error, we must still address harm, which we address in conjunction with MedFin's second issue. *See* TEX. R. APP. P. 44.1(a) (reversible error).

**ERRORS FROM LEAVE TO AMEND**

In its second issue, MedFin argues the trial court erred (1) by granting Stone leave to file an amended motion after the deadline to rule on the motion had passed, and (2) by ruling on the amended motion. On this issue, we largely agree with MedFin.

**A.      Additional Background**

The record establishes, and the parties do not dispute, the following facts. Stone's original motion to dismiss was filed on September 8, 2016, within sixty days after it was first served with MedFin's claims. *See* TEX. R. CIV. P. 91a.3 (sixty-day period). MedFin's second amended counterclaim was filed on September 23, 2016, more than three days before the September 30, 2016 hearing. *See* TEX. R. CIV. P. 91a.5(b) (three days before hearing). But Stone did not file an amended motion before the September 30, 2016 hearing. *Contra id.* Nevertheless, the trial court granted Stone leave to amend its motion, and Stone filed its amended motion on October 26, 2016, well before the November 29, 2016 hearing on the amended motion to dismiss.

We note that Stone filed its amended motion after the trial court's deadline to rule on the motion. *See* TEX. R. CIV. P. 91a.3(c) (requiring the trial court to grant or deny the motion "within 45 days after the motion is filed").

Given these facts, we review the applicable portion of the Rule and then its effects.

**B.      Rule 91a.5**

Rule 91a.5 states as follows:

(a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

TEX. R. CIV. P. 91a.5.

## C.      Analysis of Rule

Rule 91a.5(c) expressly prohibits the trial court from considering an amendment not filed as required.  TEX. R. CIV. P. 91a.5(c) ("In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b)."); *Thuesen v. Amerisure Ins. Co.*, 487 S.W.3d 291, 300 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Unlike Rule 91a.3, Rule 91a.5 *does* provide a "noncompliance penalty" for the movant's failure to timely file an amended motion: the trial court cannot consider it.  *See* TEX. R. CIV. P. 91a.5(c); *Helena Chem.*, 47 S.W.3d at 495 (noncompliance penalty).  Rule 91a.5(c) strips the trial court of authority to consider an amended motion that does not comply with the Rule, TEX. R. CIV. P. 91a.5(c), and the trial court errs if it fails to properly interpret and apply the Rule, *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009).

## D.      Error to Consider Amended Motion

To determine whether the trial court properly applied Rule 91a.5, we begin by considering its subsections (a) and (b).

Subsection (a) is not applicable; MedFin did not nonsuit its claims and Stone did not withdraw its motion.  *See* TEX. R. CIV. P. 91a.5(a) (nonsuit, withdrawal); *cf. Thuesen*, 487 S.W.3d at 300.

Subsection (b) is applicable.  As the movant, Stone could have filed an amended motion to dismiss "before the date of the [September 30, 2016] hearing," but it did not.  *See* TEX. R. CIV.

P. 91a.5(b); *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 236 (Tex. App.—San Antonio 2014, pet. denied).

Stone also could have announced not ready and asked the trial court to reset the September 30, 2016 hearing to a later date before October 24, 2016—the deadline for the trial court to grant or deny its motion. A two-week reset, for example, would have allowed Stone more time to amend its motion and still allowed the trial court time to grant or deny the motion before the October 24, 2016 deadline. *See* TEX. R. CIV. P. 91a.3(c) (forty-five-day period). But Stone did not exercise its available options.

Instead, at the September 30, 2016 hearing, the parties announced ready and the hearing proceeded on the procedural and merits questions. Stone asked the trial court to dismiss all of MedFin's claims based on attorney immunity. The trial court noted that Stone's motion did not address all the claims MedFin raised in its second amended counterclaim, and Stone sought leave to amend its motion. Stone suggested the hearing might be reset "for the week after this." The trial court granted Stone leave to amend its motion, but the trial court did not set a deadline for the amended motion to be filed. *Contra id.* Stone did not file its amended motion until October 26, 2016, two days after the deadline for the trial court to grant or deny the motion. *See id.* (forty-five-day period); *Walker*, 492 S.W.3d at 790.

Stone's amended motion to dismiss was not filed before the September 30, 2016 hearing, *contra* TEX. R. CIV. P. 91a.5(b), or within the period in which the trial court could still have ruled on the amended motion by the October 24, 2016 deadline. *See* TEX. R. CIV. P. 91a.3(c) (forty-fifth day). Under these facts, we hold the trial court erred by considering Stone's amended motion to dismiss because it was not filed before the September 30, 2016 hearing on the motion. *See* TEX. R. CIV. P. 91a.5(c) (prohibiting a trial court from considering an amendment not filed as permitted); *Estate of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no

pet.) ("Rule 91a requires the trial court to *rule* on a motion to dismiss without considering an untimely . . . amendment.").

The trial court was prohibited from considering Stone's amended motion, and we will likewise not consider it. *Cf. Zawislak v. Moskow*, No. 03-18-00280-CV, 2019 WL 2202209, at *3 (Tex. App.—Austin May 22, 2019, no pet.) (mem. op.) (deciding, in an analogous circumstance, that "[b]ecause [the plaintiff]'s second amended petition was not filed 'at least 3 days before the date of the hearing,' we will not consider it and will instead consider the first amended petition as the live petition for purposes of this analysis" (quoting TEX. R. CIV. P. 91a.5(b))). However, we will consider Stone's original motion. *See id.*

**E.     Original Motion to Dismiss**

Stone's original motion to dismiss challenged only two claims: MedFin's tortious interference with contract and civil conspiracy claims. In response, MedFin's second amended answer and counterclaim added claims for defamation, slander, and civil conspiracy, which Stone's original motion to dismiss did not challenge. Therefore, we will address the challenged and unchallenged claims separately, beginning with the unchallenged claims.

*1.     Unchallenged Claims*

As we noted, MedFin added defamation, slander, and civil conspiracy claims in its second amended petition, but Stone's original motion to dismiss failed to identify those causes of action. *Contra* TEX. R. CIV. P. 91a.2 ("A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both."); *AC Interests*, 543 S.W.3d at 706 (quoting Rule 91a); *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 245 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (same).

Because Stone's motion to dismiss did not identify MedFin's defamation, slander, or civil conspiracy to commit defamation and slander causes of action, the trial court erred by granting Stone's motion to dismiss against those causes of action. *See* TEX. R. CIV. P. 91a.2; *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 807 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Wooley v. Schaffer*, 447 S.W.3d 71, 82 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (Frost, J., concurring).

Further, MedFin was harmed by the trial court's error awarding attorney's fees against its unchallenged causes of action because the Rule authorizes attorney's fees only for those causes of action that are challenged, not for unchallenged causes. *See* TEX. R. CIV. P. 91a.7 (authorizing an award of "attorney fees incurred with respect to the challenged cause of action"); *id.* cmt. 2013 ("Attorney fees awarded under 91a.7 are limited to those associated with challenged cause of action, including fees for preparing or responding to the motion to dismiss."); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 879 n.10 (Tex. 2018) (quoting the official comment).

We sustain MedFin's second issue with respect to the unchallenged defamation, slander, and civil conspiracy to commit defamation and slander claims.

### 2. Challenged Claims

MedFin's first amended answer included counterclaims for tortious interference with contract and civil conspiracy, and Stone's original motion to dismiss identified and challenged those claims. *Cf.* TEX. R. CIV. P. 91a.2 (identify causes). Stone's original motion to dismiss was filed in accordance with the Rule, *see* TEX. R. CIV. P. 91a.3 (sixty-day period), and the trial court could properly consider its challenges to MedFin's tortious interference with contract and civil conspiracy claims. *Cf. Zawislak*, 2019 WL 2202209, at *3.

Although MedFin did not argue the merits of its claims in its opening brief, we need not consider whether it waived its merits arguments because MedFin raised the issue of harm—that

the trial court's judgment awarded attorney's fees against MedFin that included Stone's attorney's fees to prepare and argue its amended motion to dismiss.

### 3. Attorney's Fees

"In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties." *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *accord MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). However, for a motion to dismiss under Rule 91a, "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." TEX. R. CIV. P. 91a.7 (applicable version); *Thuesen*, 487 S.W.3d at 300 (quoting the rule).

"The determination of reasonable attorney's fees is a matter within the sound discretion of the trial court." *Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, No. 01-15-01096-CV, 2016 WL 3748780, at *5 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam)).

### 4. Standard of Review

"We review an attorney's fees award for an abuse of discretion." *Pro-Care Med. Ctr. & Injury Med. Group v. Quality Carriers, Inc.*, No. 14-18-01062-CV, 2020 WL 1617116, at *3 (Tex. App.—Houston [14th Dist.] Apr. 2, 2020, no pet.) (mem. op.) (citing *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004)). A trial court abuses its discretion it if misinterprets or misapplies the law. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d at 642–43 ("If the trial court fails to properly interpret the law or applies the law incorrectly, it abuses its discretion.").

### 5. Discussion

Here, Stone's attorney testified that her fees were based on her "hours expended on the motion to dismiss, drafting and arguing it, appearing at both hearings on it." She did not segregate

her fees between the two motions, and the trial court awarded Stone the full amount its attorney requested, which included the second hearing. The second hearing was on the amended motion to dismiss, which we have held the trial court was prohibited from considering. *See* TEX. R. CIV. P. 91a.5(c). Thus, it was error for the trial court to award attorney's fees for the hours Stone's attorney spent drafting and arguing an amended motion the trial court was expressly prohibited from considering. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d at 642–43.

We conclude MedFin was harmed by the trial court's order that it pay attorney's fees incurred to prepare and argue an amended motion that the trial court could not properly consider. *Cf. Walker*, 492 S.W.3d at 791.

We sustain MedFin's second issue with respect to the harmful error in granting Stone's motion to dismiss challenging MedFin's tortious interference with contract and civil conspiracy to commit tortious interference with contract claims.

## CONCLUSION

Under the facts of this case, the trial court erred by failing to grant or deny Stone's motion to dismiss within the time required by the Rule, by considering an amended motion to dismiss that it was prohibited from considering, and by awarding attorney's fees for work done to prepare and argue an amended motion to dismiss which the trial court could not consider. Accordingly, we reverse the trial court's order and remand this cause for further proceedings.

Patricia O. Alvarez, Justice