**AFFIRMED and Opinion Filed December 23, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-01122-CV

**HEIDI FRANKEL, Appellant**
**V.**
**JAKE BUTLER, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-03924-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Carlyle, and Justice Garcia
Opinion by Justice Garcia

This appeal arises from the trial court's dismissal of Heidi Frankel's fraudulent transfer suit against Jake Butler. In two issues, Frankel argues the trial court failed to follow proper procedures for ruling on a Rule 91a motion to dismiss and erroneously granted the motion on the merits. Finding no reversible error, we affirm the trial court's judgment.

### I. Background

Carol Butler ("CB"), mother of Jake Butler ("Butler"), was the owner and publisher of "Senior Voice" magazine. Frankel worked for CB from 2012 through the magazine's last publication in December 2017.

In October 2018, CB filed a general warranty deed with a retained life estate conveying the interest in her Denton County homestead to Butler, her son, upon her death. CB died in 2019, and Butler now resides in the home (the "Property").

In 2021, Frankel initiated this suit against Butler alleging that CB transferred the Property to Buter to avoid paying her $35,000 she claimed CB owed her. Frankel requested relief under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). *See* TEX. BUS. & COM. CODE ANN. § 24.006(a) *et seq*.

Butler filed a motion to transfer venue, plea to the jurisdiction and verified denial, and shortly thereafter, a Rule 91a motion to dismiss.[1] Butler filed and served a notice of remote hearing on November 2, 2021, notifying Frankel that the dismissal hearing was set for November 15, 2021.

On November 12, Frankel filed an "Alternative Verified Motion for Leave to File Response to Defendant's Motion to Dismiss Subject to Improper Notice of Hearing," along with her response to the dismissal motion.

On the scheduled hearing date, the court entertained argument about whether the hearing should go forward because Butler did not provide the requisite fourteen-day notice. Frankel acknowledged that her response would have been due on November 8 if the notice of hearing had not been one day late. The court sustained

---

[1] The petition was filed on July 21, 2021, and the motion to dismiss was filed on October 4, 2021. But Frankel does not challenge the timeliness of the motion. *See* TEX. R. APP. P. 91a.

Frankel's objection to the hearing, granted Frankel until November 18 to file an additional response, and said that the ruling would be made by submission.

On November 18, Frankel filed an objection to submission of the motion and an additional response to the motion to dismiss. On November 19, the court signed an order granting the motion and dismissing Frankel's claims against Butler in their entirety. Frankel now appeals from that order.

## II.   Analysis

### A.   Standard of Review

Texas Rule of Civil Procedure 91a provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *Id.* 91a.6.

Rule 91a does not limit the universe of legal theories by which a movant may show a claimant is not entitled to relief based on the facts alleged. *Bethel v. Quilling, Selander, Lownds, Winslet & Moser, P.C.*, 595 S.W. 3d 651, 656 (Tex. 2020). Both motions and hearings are avenues by which the movant may present legal theories

as to why claimant is not entitled to relief. *Id.* We review de novo a trial court's ruling on a Rule 91a motion to dismiss. *Id.* at 654. When an order granting a rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of a rule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal. *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 WL 3940973, at *3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

## B.  Frankel's Procedural Challenge

Frankel's first issue argues the trial court erred by granting her leave to file a late response and an additional response and then ruling on the motion to dismiss on the forty-sixth day after the motion was filed. We are not persuaded by this argument.

We begin with Frankel's argument that the trial court could not properly rule on the motion to dismiss after forty-five days. Rule 91a.3 requires that "[a] motion to dismiss must be . . . granted or denied within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3. "The word 'must' is generally construed as mandatory, and, therefore, as creating a duty or obligation." *Walker v. Owens*, 492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001)). But "[w]hile it is true that Rule 91a.3 provides that a motion to dismiss 'must be . . . granted or denied within 45 days after the motion is filed,' the Rule does not provide any consequences if a court takes no

–4–

action on the motion within the prescribed period." *See In re Kelley*, No. 05-19-00559-CV, 2019 WL 2521725, at *1 (Tex. App.—Dallas June 19, 2019, no pet.) (orig. proceeding) (mem. op.); *Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied). "If a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory." *Helena Chem.*, 47 S.W.3d at 495; *see also Kelley*, 2019 WL 2521725, at *1. As our sister court observed, it is reasonable to conclude that the time limit "is not a hard deadline that prohibits the court from considering the substance of the motion to dismiss after the expiration of the 45-day time period but, rather, a provision included in the rule to promote the orderly and prompt dismissal of baseless causes of action." *Koening*, 497 S.W.3d at 599.

Moreover, Frankel has not identified how she has been prejudiced by the court's actions here. The court granted her leave to file the late response and to file an additional response. This allowed her more time to formulate a response to the motion, to amend her petition to add facts or adjust legal theories, and more time to consider whether to nonsuit the case. *See* TEX. R. APP. P. 91.a5. A court's noncompliance with a rule will not result in reversal if it is harmless. *See Walker*, 492 S.W.3d at 790; *see also San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 840 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Likewise, we reject Frankel's argument that the Rule 91a time periods restart if an initial notice of hearing does not provide the full fourteen-day notice. Frankel provides no authority for this proposition, nor have we found any. Indeed, the only action that restarts the time periods in Rule 91a is the filing of an amended motion to dismiss in response to a non-movant's amended cause of action. TEX. R. CIV. P. 91a.5(d). If the Texas Supreme Court had intended that noncompliance with the notice period to restart the time periods, it would have so stated in the Rule. *See MedFin Manager, LLC v. Stone*, 613 S.W.3d 624, 628 (Tex. App.—San Antonio 2020, no pet.).

We resolve Frankel's first issue against her.

## C.     Frankel's Substantive Challenge

Frankel's second issue argues the trial court erred in granting the motion to dismiss on the merits because her petition met the fair notice pleading standard and she properly pleaded a fraudulent transfer cause of action.[2] We disagree.

Frankel sued Butler under Bus. & Com. Code Section 24.006(a), which states that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

---

[2] Frankel also argues the trial court looked beyond the pleadings in determining the motion and considered testimony at the hearing. There is no record support for these contentions.

TEX. BUS. & COM. CODE ANN. §24.006(a). Specifically, Frankel alleges that she is a "creditor" with a claim against CB and is entitled to relief against Butler because CB's conveyance of her property to Butler was a "transfer" to an "insider" in violation of TUFTA. *See* TEX. BUS. & COM. CODE ANN. §24.002 (3), (4), (6), (7), (10), (12).

TUFTA provides a comprehensive statutory scheme through which a creditor may seek recourse for a fraudulent transfer of assets or property. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038 at *4 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.). The statute is "'designed to protect creditors from being defrauded or left without recourse due to the actions of unscrupulous debtors.'" *Janvey v. GMAG, L.L.C.*, 592 S.W.3d 125, 126 (Tex. 2019) (quoting *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 89 (Tex. 2015)). TUFTA aims "to prevent debtors from prejudicing creditors by improperly moving assets beyond their reach." *Id.* at 129.

Under TUFTA, a "creditor" is "a person . . . who has a claim," and a "debtor" is "a person who is liable on a claim." TEX. BUS. & COM. CODE ANN. § 24.002(4), (6). "Debt" is defined as "liability on a claim." *Id.* § 24.002(5). "Claim," in turn, is defined as "a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* § 24.002(3).

Frankel insists that, liberally construed, her petition states a properly pleaded TUFTA claim. Texas is a fair notice pleading jurisdiction, and therefore, the standard of fair notice is applied to Rule 91a motions to dismiss. *See Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied); *Koenig* 497 S.W. 3d at 599. The fair notice standard is a "relatively liberal standard." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see* TEX. R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."); TEX. R. CIV. P. 47 (requiring pleadings to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). Under the fair-notice standard, a pleading is sufficient if it provides the opposing party with fair and adequate notice of the facts upon which the pleader bases their claims to enable the opposing party to prepare a defense or response. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224–25 (Tex. 2017).

Under this standard, we look to the pleader's intent and uphold the pleading "'even if some element of a cause of action has not been specifically alleged'" because "'[e]very fact will be supplied that can be reasonably inferred from what is specifically stated.'" *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) (quoting *Gulf Colorado & Santa Fe Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963). Furthermore, a plaintiff is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988)). When applying the fair-notice

standard to our review of the pleadings on a Rule 91a motion to dismiss, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Aguilar*, 545 S.W.3d at 675–76.

Liberal construction, however, does not eliminate the need to state a cognizable claim for relief. *See Cooper v. Trent*, 551 S.W.3d 325, 329 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (claims with no basis in law properly dismissed); *see also In re Essex Co.*, 450 S.W.3d 524, 527 (Tex. 2014) (orig. proceeding) (per curiam) (error to deny Rule 91a motion where cause of action barred by legal rule). We cannot "use a liberal construction of the petition as a license to read into the petition a claim that it does not contain." *In re Estate of Sheshtawy*, 478 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 2015).

Butler's motion argues that Frankel's petition does not state a cognizable claim for relief because, as CB's homestead, the Property was not an asset under TUFTA. Frankel argues that we may not consider the Property's status as CB's homestead because Butler did not plead homestead as an affirmative defense and because affirmative defenses may not be considered in a motion to dismiss. Frankel's argument is misplaced.

The Texas Supreme Court has concluded that Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief

sought." *Bethel*, 595 S.W.3d at 656. That is, "some affirmative defenses will be conclusively established by the facts in a plaintiff's petition." *Id*. at 654.

*Bethel* involved a suit against a law firm for destroying key evidence in another case. The firm moved for dismissal under Rule 91a, arguing that it was entitled to attorney immunity. *Id*. at 654. Bethel argued that attorney immunity is an affirmative defense and Rule 91a expressly limits the court's consideration to the pleading and a narrow class of exhibits. The court rejected this argument, holding:

> It is not possible to 'decide the motion' without considering the motion itself, in addition to the plaintiff's pleadings . . . the rule contemplates that a court may consider at least the substance of the Rule 91a motion and arguments at the hearing, in addition to the plaintiff's pleadings . . . . Bethel's proffered interpretation would render these aspects of the rule meaningless, preventing a court from considering even the substance of a Rule 91a motion or response in deciding whether to dismiss the case.

*Id*. at 655. In so concluding, the court observed that while the court may not consider evidence in ruling on the motion, "the rule contrasts 'the pleading of the cause of action' with 'evidence,' not the defendant's pleading." *Id*.

The court further held that:

> The rule limits the scope of the court's factual inquiry—the court must rely on the 'allegations' as true—but does not limit the scope of the court's legal inquiry in the same way . . . The rule does not limit the universe of legal theories by which the movant may show that the claimant is not entitled to relief based on the facts as alleged . . . Both motions and hearings are avenues by which the movant may present legal theories as to why the claimant is not entitled to relief.

*Id.* Therefore, because the court did not need to look outside Bethel's pleadings to determine whether attorney immunity applied to the alleged facts, the trial court did not err in granting the motion to dismiss. *Id*. at 656.

Here, it is undisputed that the asset alleged to have been transferred was CB's homestead at the time of the transfer. Therefore, there is no evidentiary question to resolve. Specifically, Frankel's response to the motion argued only that CB's homestead did not automatically transfer with her death, and that the Property was not a homestead from the time of CB's death on August 29, 2019, through September 10, 2020 (when Butler claimed the exemption). Whether Butler claimed the exemption after the transfer, however, is not material to this analysis. Frankel's cause of action is premised on CB's transfer of the Property.

Frankel's petition alleges that she worked for CB from 2012 through December 2017. As CB's health deteriorated, Frankel assumed additional responsibilities and CB promised to pay her an additional amount. Frankel continued to work but alleged that she was not timely paid.

The petition further states that CB transferred the Property to Butler on October 5, 2018, and died on August 29, 2019, without paying Frankel the $35,000 she claims she is owed. According to the petition, Frankel demanded that Butler pay her the money CB owed her, but Butler refused, and claimed the homestead exemption on September 10, 2020.

The petition recites elements for fraudulent transfer, alleging that:

- The Property was transferred to Butler, an insider;

- CB retained possession of the Property until her death;

- The transfer was all of CB's assets;

- The transfer was concealed;

- The transfer occurred shortly after the debt to Frankel occurred and collection was pursued;

- CB did not receive anything of value for the transfer; and

- CB deliberately "made such arrangements" to avoid payment of the debt to Frankel.

Taking these allegations as true, as we must, does not foreclose a conclusion that the challenged conveyance of the exempt Property is outside the scope of TUFTA. The homestead interest is a legal interest created by the constitution that provides prophylactic protection from all but the three types of constitutionally permitted liens. *See* TEX. CONST. ART XVI, §50(a)(d); *Sanchez v. Telles*, 960 S.W.2d 762, 769 (Tex. App.—El Paso 1997, pet. denied); *see also* TEX. PROP. CODE ANN. § 41.005 (designation of homestead). Homesteads are generally exempt from "forced sale, for the payment of all debts," except for those debts specifically enumerated in the Texas Constitution. *See* TEX. CONST. ART XVI § 50(a)(1), (6)(a); TEX. PROP. CODE ANN. §41.001 (homestead exempt from seizure).

The definition of "asset" under TUFTA does not include "property to the extent it is generally exempt under nonbankruptcy law" such as the debtor's homestead. *Id.* § 24.002(2)(B). *See Martinek Grain & Bins, Inc. v. Bulldog Farms, Inc.*, 366 S.W.3d 800, 806 (Tex. App.—Dallas 2012, no pet.) (transfer to a trust of

–12–

homestead property that was "generally exempt under nonbankruptcy law" was not a violation of the TUFTA; *Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 582–83 n.4 (Tex. App.—Texarkana 2012, no pet.) (homestead not considered asset for purposes of insolvency analysis under TUFTA). Therefore, a conveyance of exempt property generally may not be attacked as a fraud on creditors. *Duran v. Henderson*, 71 S.W.3d 833, 842–43 (Tex. App.—Texarkana 2002, pet. denied). The rationale underlying this rule is that the law already has removed exempt property from the reach of creditors and conveyance of the property, whether fraudulent or not, does not deprive a creditor of his rights in the property. *Id.* at 843. Under TUFTA, if the property transferred is exempt, a defrauded creditor is not afforded any relief. *See* TEX. BUS. & COM. CODE ANN. §§ 24.002(2), 24.002(12); *Duran*, 71 S.W.3d at 843.

Under these circumstances, the trial court could reasonably conclude that Frankel's claim based on the fraudulent transfer of exempt property has no basis in law. *See* TEX. R. CIV. P. 91a.1 (there is no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (citing rule); *see also Cooper*, 551 S.W.3d at 329 (claims with no basis in law properly dismissed).

On this record, the trial court did not err in granting the motion to dismiss. We resolve Frankel's second issue against her.

### III. Conclusion

Having resolved all of Frankel's issues against her, we affirm the trial court's order.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

211122F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HEIDI FRANKEL, Appellant

No. 05-21-01122-CV     V.

JAKE BUTLER, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-03924-2021.

Opinion delivered by Justice Garcia. Chief Justice Burns and Justice Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee JAKE BUTLER recover his costs of this appeal from appellant HEIDI FRANKEL.

Judgment entered this 23rd day of December 2022.