**Motion Granted; Appeal Dismissed and Opinion filed April 16, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00137-CV

### SAN JACINTO RIVER AUTHORITY, Appellant

### V.

### EVAN LEWIS, Appellee

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2017-74351**

### OPINION

In this inverse condemnation suit the San Jacinto River Authority (SJRA) brings an interlocutory appeal complaining of the trial court's "effective" denial of its motion filed pursuant to Texas Rule of Civil Procedure 91a. We dismiss the interlocutory appeal.

Appellee Evan Lewis filed suit against SJRA alleging actions taken by SJRA in the immediate aftermath of Hurricane Harvey amounted to a taking of his property. In response, on November 5, 2018, SJRA filed a "Plea to the Jurisdiction

and Motion to Dismiss under Rule 91a." In its plea/motion SJRA alleged that the trial court lacked jurisdiction over the suit for two reasons: (1) the Harris County Courts at Law have exclusive jurisdiction, and (2) SJRA, as a governmental entity, is generally immune from suit. The trial court did not rule on SJRA's plea to the jurisdiction or its Rule 91a motion to dismiss. Rule 91a.3 imposes a duty on the trial court to grant or deny a Rule 91a motion within forty-five days after the motion is filed. Tex. R. Civ. P. 91a.3(c). Here, the forty-five day period expired December 20, 2018.

On February 14, 2019, SJRA filed a notice of interlocutory appeal of the trial court's "January 25, 2019 denial" of its Rule 91a motion. In a footnote to its notice of appeal SJRA noted that, "The Court's failure to rule on Defendant's motion within forty-five days is effectively a denial of Defendant's motion to dismiss." Lewis subsequently filed a motion to dismiss the appeal, arguing that there is no appealable order from which SJRA may appeal.

Appellate courts have jurisdiction over immediate appeals from interlocutory orders only if expressly provided by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Because SJRA's Rule 91a motion challenged the trial court's jurisdiction over the claims asserted, section 51.014(a)(8) affords SJRA a right to an interlocutory appeal of the trial court's denial of the motion. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.). In this case, however, and as the record currently stands, the trial court has not denied the motion.

In its response to Lewis's motion to dismiss, SJRA argues that by failing to

rule on SJRA's Rule 91a motion within 45 days the trial court "effectively" denied the motion. Rule 91a.3(c) provides that a motion to dismiss "must be . . . granted or denied within 45 days after the motion is filed." The word "must" is generally construed as mandatory, and, therefore, as creating a duty or obligation. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *Walker v. Owens*, 492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In this case, the trial court did not comply with the 45-day deadline, and its failure to do so was error. *See Walker*, 492 S.W.3d at 790. As noted in *Walker*, however, the rule does not address the consequence for a failure to rule within the 45-day period. *Id.* at 790–91. The *Walker* court concluded that a trial court's "non-compliance with the mandatory language of the rule will not result in reversal if the error is found to be harmless." *Id*. at 791. In *Glassel v. Milner*, this court followed the *Walker* court's analysis. No. 14-17-00502-CV, 2018 WL 3977165, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.).

The trial courts in *Walker* and *Glassel* granted a Rule 91a motion but did so outside the 45-day period. *Id.* These courts did not address a situation in which the trial court did not rule on the motion at all. Nonetheless, these courts necessarily concluded that the Rule 91a motion was not effectively denied or denied as a matter of law after the expiration of the 45-day period because the courts affirmed the granting of a Rule 91a motion after the expiration of this time period. *See Glassel*, 2018 WL 3977165, at *2; *Walker*, 492 S.W.3d at 790–91.

Rule 91a stands in contrast to the Texas Citizen's Participation Act (TCPA), which, like Rule 91a, requires a trial court to rule within a specified time period, but which, unlike Rule 91a, expressly provides that if "a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may

3

appeal." Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a). In light of the act's clear text, this court has held that automatic denial of a motion filed under the TCPA follows when the trial court misses the deadline. *See, e.g., Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

Unlike the TCPA, Rule 91a does not state that a court's failure to rule within the 45-day deadline constitutes a denial of the motion. *See* Tex. R. Civ. P. 91a.3(c). Additionally, the absence of any jurisdictional ramifications signals that the 45-day deadline is not jurisdictional. *See Glassel*, 2018 WL 3977165, at *2; *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi 2017, no pet.); *Walker*, 492 S.W.3d at 791. Therefore, unlike under the TCPA, the trial court's failure to rule within the 45-day deadline does not convert the "non-ruling" into a denial by operation of law.

Because the trial court has not ruled on SJRA's plea to the jurisdiction and motion to dismiss under Rule 91a, no ruling exists over which this court may exercise its interlocutory appellate jurisdiction. *See Young v. Villegas*, 231 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). In its response to Lewis's motion to dismiss this appeal, SJRA asserts that the trial court advised SJRA that the court "was refusing to rule on the SJRA's motion and plea." SJRA asserts that this court "should review the trial court's refusal to grant the SJRA's plea to the jurisdiction in light of the mandatory nature of Rule 91a and §51.014(a)(8) in order to protect the SJRA's immunity from suit." The parties have not cited and research has not revealed any statute giving this court interlocutory appellate jurisdiction to review a trial court's refusal to rule on a plea to the jurisdiction or on a Rule 91a motion. Thus, we lack jurisdiction to review the trial court's alleged refusal to rule on SJRA's jurisdictional plea and Rule 91a motion. *See Young*, 231 S.W.3d at 5

(holding that this court lacks interlocutory appellate jurisdiction to review a trial court's refusal to rule on a jurisdictional plea).

In *City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston [14th Dist.] 2002, pet. denied), this court held that we lacked interlocutory jurisdiction over an attempted appeal from a trial court's "implicit" denial of a plea to the jurisdiction. Similarly, we lack jurisdiction over SJRA's appeal because its Rule 91a motion has not been "effectively" denied. *Id*. SJRA is, however, not without a potential remedy, as *City of Galveston* illustrates. *Id*. (holding no jurisdiction over the appeal but granting the City's petition for writ of mandamus alleging the trial court abused its discretion by failing to rule) *see also Reaves*, 518 S.W.3d at 602–03 (noting the ability of a party to seek mandamus relief based on a trial court's failure to rule on a Rule 91a motion within the 45-day period). We conclude there exists no appealable order for this court to review under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

Lewis's motion to dismiss is granted and SJRA's appeal is dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.

5