**Dismissed and Memorandum Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00431-CV

---

### SAN JACINTO RIVER AUTHORITY, Appellant

### V.

**ROBERT L. BEASLEY, KIMBERLY S. BEASLEY, NICHOLAS L. BRADEN, PEGGY J. GLAZE, SHANNON E. CRAWFORD, RONALD CHARLES CROSSMAN, HALENE CROSSMAN, CLIFTON B. CURRIN, JR., DEBORAH H. CURRIN, KENNETH B. DOMINIQUE, MARY J. DOMINIQUE, RICHARD M. ENGEL, BRENDA ENGEL, ANDREW W. FERGUSON, MARION A. FERGUSON, JOE S. GAZZANA, JULIE A. GAZZANA, STEPHEN L. GOODWIN, DIANE F. GOODWIN, JOYCE S. GOULD, BRIAN E. GROOM, BEVERLY A. GROOM, ELPIDA RECHELLE GRYPARIS, JOHN O. HEARD, KATHRYN HEARD, CARL R. HOPPES, CARMELITA HOPPES, RICHARD B. HUGHEY, KAREN N. HUGHEY, SANDRA INGRAM, REBECCA W. JOHANSEN, GRANT JAMES THOMPSON KEILLOR, ALISON MARGARET KEILLOR, MARY LYNN KOENIG, JOHN J. LAVEZZARI, GAIL LAVEZZARI, NEIL LEUCK, JILL TISCHBEIN, RAYMOND LITTLE, HOLLY LITTLE, LOUISE T. MANN, JULIA ANN PAUL, JOHN F. PEARCE, LINDA C. PEARCE, KLAUS M. PISTORIUS, SUSAN PISTORIUS, MATTHEW PRUCHA, INDIVIDUALLY AND AS CO-TRUSTEE OF THE PRUCHA LIVING TRUST UTD SEPTEMBER 16, 2005, DEBORAH PRUCHA, INDIVIDUALLY AND AS CO-TRUSTEE OF THE PRUCHA LIVING**

**TRUST UTD SEPTEMBER 16, 2005, HUBERT ROBERTS, STACY RONEY, AS INDEPENDENT EXECUTOR OF THE ESTATE OF NANCY PARRIGIN, DECEASED, CHARLES W. SANDFORD, KAREN SANDFORD, DAVID SPARKS, JENNIFER SPARKS, JAMES STEVEN THOMAS, JUNE CAROL THOMAS, DARREL D. TICKNER, DEANITA TICKNER, ANDREW T. TIMURA, MARY P. TIMURA, FRANTISEK UNCAJTYK, ROBERT C. YOUNG AND SHERYL L. YOUNG, Appellees**

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2018-11149**

---

**MEMORANDUM OPINION**

In this inverse-condemnation suit the San Jacinto River Authority (SJRA) brings an interlocutory appeal complaining of the trial court's "effective" denial of its motion filed pursuant to Texas Rule of Civil Procedure 91a. We dismiss the interlocutory appeal.

Appellees filed suit against SJRA alleging that actions taken by SJRA in the immediate aftermath of Hurricane Harvey amounted to a taking of their property. In response, on April 4, 2018, SJRA filed a "Motion to Dismiss Based under Rule 91a." In its motion SJRA alleged that appellees' inverse-condemnation and easement claims had no basis in law or in fact and should be dismissed. The trial court did not rule on SJRA's Rule 91a motion to dismiss. Rule 91a.3 imposes a duty on the trial court to grant or deny a Rule 91a motion within forty-five days after the motion is filed. Tex. R. Civ. P. 91a.3(c). The forty-five day period expired May 19, 2018.

On May 21, 2018, SJRA filed a notice of interlocutory appeal of the trial court's "May 19, 2018 denial" of its Rule 91a motion. In a footnote to its notice of appeal SJRA noted that, "The Court's failure to rule on Defendant's motion within forty-five days is effectively a denial of Defendant's motion to dismiss[.]"

On June 28, 2018, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response on or before July 9, 2018, demonstrating grounds for continuing the appeal.. *See* Tex. R. App. P. 42.3(a).

Appellate courts have jurisdiction over immediate appeals from interlocutory orders only if expressly provided by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Because SJRA's Rule 91a motion challenged the trial court's jurisdiction over the claims asserted, section 51.014(a)(8) affords SJRA a right to an interlocutory appeal of the trial court's denial of the motion. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.). In this case, however, and as the record currently stands, the trial court has not denied the motion.

In its response to this court's notice, SJRA argues that by failing to rule on SJRA's Rule 91a motion within forty-five days the trial court "effectively" denied the motion. We considered and rejected this argument in *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 839–40 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Because the trial court has not ruled on SJRA's plea to the jurisdiction and motion to dismiss under Rule 91a, no ruling exists over which this court may exercise its interlocutory appellate jurisdiction. *Id.*

We conclude there exists no appealable order for this court to review under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

SJRA's appeal is dismissed for lack of appellate jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.