**Reversed and Rendered and Opinion filed July 13, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00696-CV

---

### SAN JACINTO RIVER AUTHORITY, Appellant

### V.

### EVAN LEWIS, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2017-74351**

---

### O P I N I O N

   Appellant San Jacinto River Authority ("SJRA") appeals the denial of its plea to the jurisdiction in this property takings case. Appellee Evan Lewis alleged that water SJRA released from Lake Conroe after Hurricane Harvey made landfall flooded and damaged his property. The dispositive issue in this case[1] is whether

---

[1] The present appeal is the most recent of several cases to reach our court arising from condemnation disputes with SJRA following Hurricane Harvey. *See, e.g.*, *San Jacinto River Auth. v. Ray*, No. 14-19-00095-CV, 2021 WL 2154081 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet. h.) (mem. op.); *San Jacinto River Auth. v. Ogletree*, 594 S.W.3d 833 (Tex. App.—Houston

Lewis timely filed a statutory takings claim under Government Code chapter 2007. SJRA contends that he did not do so and, as a result, the trial court was required to dismiss Lewis's suit for want of jurisdiction.

We conclude that Lewis did not timely assert a statutory takings claim under chapter 2007, which requires such claims to be filed not later than 180 days after the date the landowner knew or should have known that the governmental action restricted or limited the owner's right in the private real property. Because this particular legislative filing deadline is jurisdictional, and because Lewis asserted his chapter 2007 claims after the deadline passed, the trial court erred in denying SJRA's plea to the jurisdiction. Accordingly, we reverse the district court's order denying SJRA's plea to the jurisdiction and render judgment dismissing Lewis's claims for lack of subject matter jurisdiction.

## Background

Lewis alleged that he owns private real property in Kingwood, Texas, which is in Harris County. During Hurricane Harvey in late August 2017, SJRA released water from its Lake Conroe reservoir into the West Fork of the San Jacinto River. Lewis alleged that SJRA's release of water caused the downstream flooding of his home in Kingwood. He sued SJRA in Harris County District Court on November 3, 2017, alleging an inverse condemnation claim under article I, section 17 of the Texas Constitution and seeking damages in excess of $1,000,000 for SJRA's unconstitutional taking, as well as attorney's fees and costs.

SJRA filed a combined plea to the jurisdiction and rule 91a motion to dismiss (the "first jurisdictional plea"), asserting that the trial court, a Harris County district

[14th Dist.] 2020, no pet.); *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

2

court, lacked jurisdiction over Lewis's constitutional inverse condemnation claim. Lewis responded, arguing, as relevant here, that even assuming the district court lacked jurisdiction over his constitutional inverse condemnation claim, his original petition also alleged a statutory takings claim under Texas Government Code chapter 2007, and the trial court had jurisdiction over that claim. *See* Tex. Gov't Code § 2007.021(a) (stating that takings claims under the chapter "must be filed in district court"). A hearing occurred, during which, according to Lewis, the trial court construed SJRA's first jurisdictional plea as special exceptions to his original petition and "orally granted Lewis leave to file an amended pleading that clarified the legal basis for his claims."

Rule 91a.3 requires trial courts to rule on a rule 91a motion to dismiss within forty-five days of the date the motion is filed. *See* Tex. R. Civ. P. 91a.3(c). In this case, the forty-five-day period expired December 20, 2018. The court did not rule on the first jurisdictional plea (which included SJRA's rule 91a motion to dismiss) by the deadline.[2] SJRA filed a notice of interlocutory appeal on February 14, 2019, asserting that the court's failure to timely rule operated as a denial as a matter of law. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). SJRA's notice of interlocutory appeal entitled SJRA to a stay of all trial court proceedings pending resolution of the appeal. *See id*. § 51.014(b).

On February 28, 2019, while SJRA's interlocutory appeal was pending before this court, and while the statutory stay was in effect, Lewis filed an amended petition, which explicitly added a chapter 2007 statutory takings claim.

Meanwhile, this court determined that we lacked jurisdiction over SJRA's interlocutory appeal, and we dismissed that appeal on April 16, 2019. *See San*

---

[2] According to Lewis, the oral hearing did not occur until January 25, 2019.

*Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 840-41 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (per curiam) ("Because the trial court has not ruled on SJRA's plea to the jurisdiction and motion to dismiss under Rule 91a, no ruling exists over which this court may exercise its interlocutory appellate jurisdiction."). We issued our mandate on June 28, 2019. The statutory stay lifted, at the latest, by June 28, 2019.

On May 20, 2019, before our mandate issued, and while the statutory stay was in effect, SJRA filed a second plea to the jurisdiction in the trial court. In this second plea, SJRA asserted that the trial court lacked jurisdiction over Lewis's claims for a number of reasons, including that: (1) Harris County civil courts at law have exclusive jurisdiction over constitutional inverse condemnation claims; and (2) Lewis's chapter 2007 statutory takings claim was time-barred.

Lewis non-suited his constitutional inverse condemnation claim. Thus, the focus of the jurisdictional inquiry became whether the trial court had subject matter jurisdiction over Lewis's chapter 2007 statutory takings claim. On this point, SJRA invoked chapter 2007's filing deadline applicable to suits against political subdivisions. *See* Tex. Gov't Code § 2007.021(b). That subsection states: "A suit under this subchapter must be filed not later than the 180th day after the private real property owner knew or should have known that the governmental action restricted or limited the owner's right in the private real property." *Id*. SJRA argued that Lewis's original petition, though filed before the 180-day deadline in section 2007.021(b), did not state a claim under chapter 2007 but rather alleged only a constitutional inverse condemnation claim over which Harris County district courts lack jurisdiction. Moreover, SJRA asserted that Lewis's amended petition, which asserted a chapter 2007 claim, could not invoke the court's jurisdiction because it

4

was either void (because it was filed during the statutory stay pending the interlocutory appeal) or untimely (because it was filed after the 180-day deadline).

In response, Lewis argued among other things that he sufficiently pleaded a statutory takings claim in his original petition, applying Texas's fair notice pleading standards. Alternatively, Lewis contended that his amended petition was not void, but only voidable, and that the chapter 2007 claim raised in his amended petition was timely because that pleading "relates back" to his original petition, which SJRA conceded was filed within the 180-day deadline enumerated in section 2007.021(b).

The trial court signed an order denying SJRA's jurisdictional plea. SJRA timely filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

## Issues Presented

SJRA presents two issues for our review. First, it contends that Lewis failed to timely plead a statutory takings claim, and that the district court lacked subject matter jurisdiction over the only claim Lewis properly pleaded (but has since non-suited)—a constitutional inverse condemnation claim. Second, SJRA contends that, if Lewis's live pleading states a statutory takings claim, chapter 2007 does not apply to governmental actions like SJRA's release of water from the Lake Conroe Dam in connection with an emergency event such as Hurricane Harvey. SJRA's first issue is dispositive of this appeal, and we do not address its second issue. *See* Tex. R. App. P. 47.1.

## Standard of Review

Subject matter jurisdiction is necessary to a court's authority to decide a case. *City of Houston v Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). A plea to the jurisdiction seeks to dismiss a case for want of subject matter jurisdiction. *City*

5

*of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2010). Because subject matter jurisdiction is a question of law, we review the court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of Brazoria v. Ellis*, No. 14-14-00322-CV, 2015 WL 3424732, at *3 (Tex. App.—Houston [14th Dist.] May 28, 2015, no pet.) (mem. op.). In deciding a jurisdictional plea, the trial court may not weigh the merits of the plaintiff's claims but must consider only the pleading and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged acts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 227. We construe the pleadings liberally in the plaintiff's favor, look to the pleader's intent, and accept as true the unchallenged factual jurisdictional allegations in the pleadings. *See id.* at 226. If the pleading is sufficient to demonstrate jurisdiction, and if the defendant does not challenge the plaintiff's factual allegations with supporting evidence, then our inquiry ends. *See id.* at 227-28.

If the defendant challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *See id.* at 227. We take as true all evidence favorable to the plaintiff and indulge every reasonable inference and resolve any doubts arising from such evidence in the plaintiff's favor. *See id.* at 228. If the relevant evidence is undisputed or a fact question is not raised relative to the jurisdictional issue, the court rules on the jurisdictional plea as a matter of law. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, the court cannot grant the plea, and the fact issue will be resolved by the fact finder. *Id.* at 227-28.

**Analysis**

In part of SJRA's first issue, it contends that the trial court erred in denying SJRA's second jurisdictional plea because Lewis's amended petition asserting a statutory takings claim under chapter 2007 was untimely, thus depriving the court of jurisdiction. Resolving this issue requires us to address several sub-issues: (1) whether Lewis pleaded a statutory takings claim in his original petition; (2) whether Lewis's first amended petition was void because it was filed while the statutory stay was in effect during SJRA's first interlocutory appeal; and (3) whether Lewis's first amended petition, if not void, relates back to the filing date of his original petition, thus making his chapter 2007 claims timely pleaded.

**A.      Lewis did not plead a statutory takings claim in his original petition.**

First, we agree with SJRA that Lewis did not plead a chapter 2007 statutory takings claim in his original petition. Our resolution of this issue is controlled by this court's recent opinion in *San Jacinto River Authority v. Ray*, No. 14-19-00095-CV, 2021 WL 2154081, at *3-5 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet. h.) (mem. op.). In that case, we held that the plaintiffs' petition asserted a constitutional inverse condemnation claim but not a statutory takings claim under section 2007. *See id*. at *5. The allegations in Lewis's original petition are materially identical to those presented in the property owners' petition in *Ray*. *See id.* at *3-4. Thus, just as we held in *Ray*, the only claim asserted in Lewis's original petition, construed liberally, is a constitutional inverse condemnation claim. *See id.* at *3-5.

**B.    Lewis pleaded a statutory takings claim in his first amended petition, but is the amended petition void?**

In his first amended petition, Lewis explicitly sought a determination that a taking had occurred under Government Code chapter 2007. After detailing his constitutional takings claim, he alleged:

> Under Section 2007.021 of the Texas Government Code, a "private real property owner may bring suit . . . to determine whether the governmental action of a political subdivision results in a taking under this chapter." Tex. Gov't Code § 2007.021. A judgment in favor of a property owner that determines that a taking has occurred "shall include a fact finding that determines the monetary damages suffered by the private real property owner as a result of the taking." *Id.* § 2007.024(b).
>
> Chapter 2007 waives governmental immunity "to the extent of liability created by" the statute.[] *Id.* § 2007.004. The statute applies to a governmental action "that imposes a physical invasion . . . of private real property[,]" *id.* § 2007.003(a)(2), defines a "taking" to include, among other things, a "governmental action that affects private real property, in whole or in part or temporarily or permanently, in a manner that requires the governmental entity to compensate the private real property owner as provided by the Fifth and Fourteenth Amendments to the United States Constitution or Section 17 or 19, Article I, Texas Constitution[.]" *Id.* § 2007.002(5).
>
> Accordingly, Chapter 2007 waives governmental immunity for "governmental actions" alleged to have caused a constitutional taking.[] *See id.* § 2007.004; *San Jacinto River Auth. v. Burney*, — S.W.3d—, 2018 WL 6418506, at *7 (Tex. App.—Houston [1st Dist.] Dec. 4, 2018, no pet. h.).
>
> Defendants' actions, which are set forth above and incorporated here by reference, constitute a constitutional taking under Article I, § 17 of the Texas Constitution. Accordingly, sovereign and governmental immunity do not shield Defendant from liability for a determination that a taking has occurred under Chapter 2007 of the Government Code.

Thus, Lewis clearly asserted a cause of action for a statutory taking under Texas Government Code chapter 2007 in his first amended petition.

8

The parties join issue on whether the first amended petition is void on the ground that it was filed during the statutory stay effective while SJRA's first interlocutory appeal was pending; and whether, if it is not void, it relates back to the original petition's filing date and thus is considered timely filed within the 180-day deadline under section 2007.021(b).

An interlocutory appeal under Civil Practice and Remedies Code section 51.014(a)(8) stays all proceedings in the trial court pending resolution of the appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b). SJRA filed its notice of interlocutory appeal under section 51.014(a)(8) on February 14, 2019, and thus SJRA was entitled to a stay of all court proceedings as of that date. This Court issued its opinion and judgment in the interlocutory appeal on April 16, 2019 and issued the mandate on June 28, 2019. In the interim, Lewis filed his first amended petition on February 28, 2019.

In *Roccaforte v. Jefferson County*, 341 S.W.3d 919, 923 (Tex. 2011), the Supreme Court of Texas considered whether a trial court's judgment signed during the pendency of a section 51.014(b) stay was "void" or merely "voidable." The court explained that such an act is voidable and thus any challenge to it may be waived if a party does not timely object and seek to enforce the stay. *See id.* at 923-24. As the high court has stated more recently, "[a]lthough the statutory stay is mandatory, parties must seek the stay and object to court actions in violation of the stay." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Funds*, 619 S.W.3d 628, 639 n.18 (Tex. 2021) (citing *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 n.1 (Tex. 2019) (orig. proceeding)).

*Roccaforte* examined the validity of trial court acts taken during a stay. In *In re University of Texas MD Anderson Cancer Center*, No. 01-19-00202-CV, 2019 WL 341868, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding)

9

(per curiam, mem. op.), our sister court of appeals considered whether *Roccaforte*'s reasoning applied equally to a *party*'s acts taken during a stay. There, the court held that a party's amended expert report and the opposing party's motion to dismiss that report, both of which were filed during the pendency of a section 51.014(b) stay, were voidable, not void. *Id.* ("If the trial court's actions during the pendency of the stay are not void, it follows that any parties' actions during the stay are also not void.") (citing *Roccaforte*, 341 S.W.3d at 923). The court said that both filings were "not void, but were instead 'ineffective, for as long as the stay [was] in effect.'" *Id.* at *3 (quoting *In re Helena Chem. Co.*, 286 S.W.3d 492, 497 (Tex. App.—Corpus Christi 2009, orig. proceeding)). "Because actions taken during a Section 51.014 stay are not void," the court continued, "the expert report and the motion to dismiss that were stayed until disposition of the interlocutory appeal, were ready for ruling once this Court disposed of the appeal." *Id.* One court of appeals, however, has stated in contrast to *In re University of Texas MD Anderson Cancer Center* that an amended petition filed in violation of a section 51.014(b) stay is "a nullity and without force." *Hernandez v. Sommers*, 587 S.W.3d 461, 467 (Tex. App.—El Paso 2019, pet. denied).

In asserting that Lewis's amended petition is void, SJRA also relies on this court's decision in *San Jacinto River Authority v. Ogletree*, 594 S.W.3d 833, 842-43 (Tex. App.—Houston [14th Dist.] 2020, no pet.). But in that case, we were not presented with precisely the same question as we have here. In *Ogletree*, the homeowners filed an amended petition during the pendency of an appellate stay. *See id.* at 842. After SJRA objected, the homeowners withdrew the amended petition. *See id.* We observed that the homeowners' amended petition was of "no effect" when filed, *see id.* at 842-43, but we were not presented with the question whether

10

the amended petition, had it not been withdrawn, would have become effective once the stay was no longer in place.

We presume that *Roccaforte* and its progeny apply to Lewis's amended petition and thus the amended petition filed during the period SJRA was entitled to a stay is not void, but voidable. *See In re Univ. of Tex. MD Anderson Cancer Ctr.*, 2019 WL 3418568, at *3. SJRA was entitled to a mandatory stay, but it was also obligated to timely object and seek to enforce the stay. *See Elec. Reliability Council of Tex., Inc.*, 619 S.W.3d at 639 n.18; *In re Geomet*, 578 S.W.3d at 87 n.1; *see also Roach v. Ingram*, 557 S.W.3d 203, 214 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). SJRA did not seek to enforce the stay by moving to strike the amended petition; it asserted in its second plea to the jurisdiction that the amended petition was void. But, as explained, we presume a trial court may properly overrule that ground of objection. Also, after this court dismissed the interlocutory appeal, the trial court did not strike Lewis's amended petition or order Lewis to re-plead.

Accordingly, we presume for argument's sake that, after the interlocutory appeal was disposed, Lewis's first amended petition was no longer ineffective and became his live pleading. *See In re Univ. of Tex. MD Anderson Cancer Ctr.*, 2019 WL 3418568, at *3. Thus, Lewis's statutory takings claim was asserted in a live petition when the trial court ruled on SJRA's second plea to the jurisdiction.[3] We proceed to consider SJRA's arguments that Lewis's chapter 2007 statutory takings claim asserted in his amended petition was not timely filed, and if so, whether that fact deprived the trial court of subject matter jurisdiction.

---

[3] As Lewis notes, SJRA filed its second plea to the jurisdiction while the interlocutory appeal was pending and the section 51.014(b) stay was in effect. Lewis did not, however, move to strike the second plea to the jurisdiction or seek to enforce the stay as to that document.

11

**C. Lewis did not timely file his statutory takings claim, and his amended petition did not "relate back" to his original petition.**

"A suit under [Subchapter B] must be filed not later than the 180th day after the private real property owner knew or should have known that the governmental action restricted or limited the owner's right in the private real property." Tex. Gov't Code § 2007.021(b). This 180-day filing requirement is jurisdictional because chapter 2007 only waives immunity to the extent provided for by the statute. *See id.* 2007.004(a); *Younger v. El Paso Emergency Servs. Dist. No. 2*, 564 S.W.3d 97, 103 (Tex. App.—El Paso 2018, no pet.); *Hidalgo County v. Dyer*, 385 S.W.3d 698, 707 (Tex. App.—Corpus Christi 2011, no pet.); *State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 367 (Tex. App.—Austin 2009, pet. denied); *see also* Tex. Gov't Code § 311.034 (providing that statutory prerequisites to suit are jurisdictional requirements in all suits against a governmental entity); *Solis v. S.V.Z.*, 566 S.W.3d 82, 103 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *cf. Prairie View A & M Univ. v. Chapa*, 381 S.W.3d 500, 510 (Tex. 2012) (providing that compliance with 180-day time limit to file suit under the Texas Commission on Human Rights Act is a statutory prerequisite to suit; plaintiff's failure to timely file suit required dismissal on university's plea to the jurisdiction).

Lewis first asserted his statutory takings claim when he filed his amended petition on February 28, 2019, which was more than 180 days after he knew or should have known that SJRA's actions during and in the immediate aftermath of Hurricane Harvey restricted or limited his right to his property. *See* Tex. Gov't Code § 2007.021(b). Lewis contends, however, that his amended petition "relates back" to his original petition, which he filed within the 180-day time period mandated by chapter 2007.

Texas's "relation back" doctrine emanates from Civil Practice and Remedies Code section 16.068, which provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code § 16.068.

Jurisdictional defects present at a suit's inception, however, cannot be waived or cured by the relation-back doctrine. *See Heckman v. Williamson County*, 369 S.W.3d 137, 164 (Tex. 2012) ("By its terms, however, 'relation back' is not available in a case where the named plaintiff lacked standing from the beginning—in such a case, there was no live controversy between the parties, completely depriving the court of jurisdiction."); *Raytheon Co. v. Boccard USA Corp.*, 369 S.W.3d 626, 631 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see also Goss v. City of Houston*, 391 S.W.3d 168, 174-75 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (explaining that, when trial court lacks jurisdiction over original petition, that petition does not create subject matter jurisdiction over amended petition; "because the trial court lacked jurisdiction over Goss's TCHRA suit, his original petition was a nullity and could neither toll limitations nor create subject matter jurisdiction over Goss's amended petition"). This is so because subject matter jurisdiction is essential to a court's authority to decide a case. *See, e.g.*, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000).

This court has previously held that when an original petition is not filed in "a court of competent jurisdiction," an amended petition does not relate back to that filing. *Sun v. Al's Formal Wear of Houston, Inc.*, No. 14-96-01516-CV, 1998 WL

726479, at *5-6 (Tex. App.—Houston [14th Dist.] Oct. 15, 1998, no pet.) (not designated for publication). There, Sun attempted to rely on the filing date of his original petition to enforce an invalid arbitration award to toll limitations. *Id.* at *5. We determined that, because the original arbitration agreement was unenforceable, the trial court never acquired jurisdiction of Sun's lawsuit to enforce the arbitration award. *See id.* As such, Sun's amended petition did not relate back to the filing of the original petition because when an original petition does not vest a court with jurisdiction over a case, then an amended petition does not relate back to the filing of the original claim. *See id.* at *6.

That is precisely what occurred here: Lewis filed his original petition in district court and raised only a constitutional inverse condemnation claim. The original petition was not filed in a court of competent jurisdiction because Harris County civil courts at law have exclusive jurisdiction over constitutional inverse condemnation claims. *Ogletree*, 94 S.W.3d at 839-40; *see also San Jacinto River Auth. v. Burney*, 57 S.W.3d 820, 825-29 (Tex. App.—Houston [1st Dist.] 2018), *aff'd on other grounds*, *San Jacinto River Auth. v. Medina*, Nos. 19-0400, 19-0401, 19-0402, —S.W.3d—, 2021 WL 1432227, at *1 (Tex. Apr. 16, 2021). Although Lewis's amended petition asserted claims over which the district court would have had jurisdiction had he timely filed them, there is no dispute that his amended petition was filed well outside the jurisdictional deadline imposed by Government Code section 2007.021(b). Because the trial court lacked subject matter jurisdiction over Lewis's original petition, his amended petition had nothing to which to "relate back." *See Sun*, 1998 WL 726479, at *5-6; *cf. Heckman*, 369 S.W.3d at 164; *Goss*, 391 S.W.3d at 174-75.

*        *        *

14

In sum, we have determined that: (1) Lewis's original petition raised only constitutional inverse condemnation claims, over which the district court lacked subject matter jurisdiction; (2) presuming Lewis's first amended petition became effective when the stay associated with SJRA's interlocutory appeal lifted, Lewis's statutory takings claim was filed outside the jurisdictional 180-day deadline for filing such suits; and (3) the filing of Lewis's amended petition does not relate back to the filing of his original petition because the trial court lacked subject matter jurisdiction over Lewis's original petition. Accordingly, Lewis's chapter 2007 claims are time-barred. We sustain SJRA's first issue and conclude that the trial court erred in denying SJRA's second jurisdictional plea. Our resolution of this issue makes it unnecessary to address SJRA's second issue. *See* Tex. R. App. P. 47.1.

## Conclusion

Because Lewis did not timely plead statutory takings claim under Government Code chapter 2007, the trial court erred in denying SJRA's plea to the jurisdiction. Accordingly, we reverse the trial court's order denying SJRA's jurisdictional plea and render judgment dismissing Lewis's claims for lack of subject matter jurisdiction.


/s/ Kevin Jewell
   Justice


Panel consists of Justices Jewell, Bourliot, and Wilson.

15