**Affirmed and Majority and Concurring Opinions filed June 27, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00220-CV

### CITY OF HOUSTON, Appellant

### V.

### DELISA BOODOOSINGH, Appellee

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2023-02403**

### CONCURRING OPINION

Civil Practice and Remedies Code section 51.014(a)(8) grants this court subject-matter jurisdiction over an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). The plain-meaning of the statute doesn't say we have jurisdiction over the denial of a Texas Rule of Civil Procedure 91a motion.

The closest thing to precedent from the supreme court holding that section 51.014(a)(8) includes Rule 91a is *San Jacinto River Authority v. Medina*. 627 S.W.3d 618, 621 (Tex. 2021). Much like this court's opinion in *San Jacinto River*

*Authority v. Lewis*, this is more of a mere announcement—without any meaningful discussion or analysis—that we have subject-matter jurisdiction over the interlocutory denial of a Rule 91a motion. 572 S.W.3d 838, 839–40 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

I acknowledge that the supreme court at times has effectively rewritten statutes. *See, e.g.*, *DeWitt v. Harris Cnty.*, 904 S.W.2d 650 (Tex. 1995). *DeWitt* is precedent I must follow, notwithstanding the persuasive dissent. While there is far less to *Medina* than *DeWitt*, I accept *Medina*'s conclusory announcement.

The legislature should amend section 51.014(a)(8) and not passively acquiesce to judicial rewrites of statutes that serve to expand our subject-matter jurisdiction. It shouldn't take an opinion like *Fleming Foods* to get legislative attention. *Fleming Foods of Texas, Inc. v. Rylander,* 6 S.W.3d 278, 286 (Tex. 1999), *legislative nonacceptance noted by* Tex. H.B. 2809, § 3, 77th Leg., R.S. (2001). There ideally should be an interim report prepared for each regular session of the legislature that notes significant opinions on statutory construction by the Texas appellate courts. Sometimes the appellate courts suggest that the legislature consider changes to existing statutes, and I wonder if that falls on deaf ears merely because no one in the legislative department is charged with summarizing those opinions and presenting that report to the appropriate committees in the house and senate. We can do better than this.

I reluctantly concur that this court has subject-matter jurisdiction to reach the merits of the appeal and also concur in this court's judgment.


/s/     Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Zimmerer, J., majority).

2