**Opinion filed September 25, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00101-CV

_____

## LANE A. HAYGOOD, Appellant/Cross-Appellee

## V.

## YVERICA SERRANO, Appellee/Cross-Appellant

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-23-10-1115-CV**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the trial court's denials of the parties' competing motions to dismiss under the Texas Citizens Participation Act (TCPA) and Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001–.011 (West 2020 & Supp. 2024); TEX. R. CIV. P. 91a. Appellee/Cross-Appellant Yverica Serrano sued her former counsel,

Appellant/Cross-Appellee Lane A. Haygood, alleging breach of contract, breach of fiduciary duty, unjust enrichment, conversion, fraud, and negligence. Haygood then filed a counterclaim for malicious prosecution and later amended his counterclaim to include a claim for quantum meruit. Thereafter, the parties filed competing motions to dismiss under the TCPA and Rule 91a.

On appeal, each party challenges the trial court's denial of their respective motions to dismiss. We affirm in part, reverse and render in part, and dismiss in part for want of jurisdiction.

## I. *Factual and Procedural History*

Serrano filed her original petition on October 18, 2023, alleging that she had entered into an attorney-client relationship with Haygood, paid a $30,000 "nonrefundable retainer" and a $30,000 "refundable retainer," and after her legal matters were settled, Haygood refused to refund the balance of her refundable retainer.

Haygood answered, asserting a general denial and several affirmative defenses. Haygood argued that Serrano's suit was barred under the doctrine of substantial compliance, doctrine of laches, and by the statute of limitations, and that Serrano had failed to mitigate her damages. Thereafter, Haygood filed counterclaims for malicious prosecution and quantum meruit.

On January 16, 2024, Haygood filed a motion to dismiss Serrano's suit pursuant to the TCPA and, alternatively, pursuant to Rule 91a. Serrano moved to strike Haygood's motion to dismiss, arguing that Haygood's TCPA motion to dismiss was untimely. Serrano then filed a competing TCPA motion to dismiss Haygood's counterclaims, asserting that Haygood's counterclaims were based on her exercise of her right of free speech and right to petition. Although it appears that the trial court held a hearing on the parties' competing motions, it did not sign an

order granting or denying either motion.[1]  As a result, the TCPA motions were denied by operation of law.  *See* CIV. PRAC. & REM. §§ 27.005(a), .008(a).  Both parties appealed.  *See id.* § 27.008(a) (A party is authorized to appeal when the party's TCPA motion to dismiss "is considered to have been denied by operation of law.").

## II.  *TCPA: Competing Motion to Dismiss*

We first address the parties' challenges to the trial court's denial of their respective TCPA motions to dismiss.

### A.  *Standard of Review and Applicable Law*

"We review de novo a trial court's ruling on a TCPA motion to dismiss." *Horizontal Dev. Partners, LLC v. Endeavor Energy Res., LP*, 715 S.W.3d 439, 446 (Tex. App.—Eastland May 8, 2025, no pet. h.) (quoting *Rossa v. Mahaffey*, 594 S.W.3d 618, 624 (Tex. App.—Eastland 2019, no pet.)).  "We view the pleadings and evidence in the light most favorable to the nonmovant." *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied).

The TCPA's "purpose is 'to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.'" *Walgreens v. McKenzie*, 713 S.W.3d 394, 398 (Tex. 2025) (quoting CIV. PRAC. & REM. § 27.002).  Under the TCPA, a party may move to dismiss a "legal action" if it "is based on or is in response to a party's exercise of the right of free speech, right

---

[1]In this regard, although the parties agree on appeal that the trial court orally denied the motions at a hearing on March 22, 2024, no written order appears in the record, and the reporter's record was not included in the appellate record.  We abated the appeal to request supplementation of the appellate record and clarification from the trial court as to whether or not hearings had been held and what, if any, rulings were made.  Only a supplemental clerk's record was filed with documents already on file in this court.

to petition, or right of association." CIV. PRAC. & REM. § 27.003(a); *Ferchichi v. Whataburger Rests. LLC*, 713 S.W.3d 330, 336 (Tex. 2025).

"Courts conduct a multi-step analysis in determining whether to grant or deny a TCPA motion to dismiss." *Ferchichi*, 713 S.W.3d at 336. "First, the movant must establish that the TCPA applies by demonstrating that a 'legal action' is 'based on or is in response to' the movant's exercise of a TCPA-protected right." *Id.* (quoting CIV. PRAC. & REM. § 27.005(b)). Relevant here, TCPA defines "[e]xercise of the right of free speech" as "a communication made in connection with a matter of public concern." CIV. PRAC. & REM. § 27.001(3). "Exercise of the right to petition" includes: "a communication in or pertaining to . . . a judicial proceeding;" "an official proceeding, other than a judicial proceeding, to administer the law"; and "a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity." *Id.* § 27.001(4)(A)(i), (ii), (v). Whether a legal action is based on or in response to the exercise of a protected right or that "arises from" protected communications or conduct, such that the legal action "is subject to or should be dismissed" under the TCPA is determined by consideration of the pleadings, evidence a court could consider under Rule 166a of the Texas Rules of Civil Procedure, and "supporting and opposing affidavits stating the facts on which the liability or defense is based." CIV. PRAC. & REM. § 27.006(a).

Second, if the movant meets this initial burden, the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." CIV. PRAC. & REM. § 27.005(c); *Ferchichi*, 713 S.W.3d at 336. "[P]rima facie case has a traditional legal meaning [and] refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding) (internal quotation marks omitted). When neither the pleadings nor the

4

evidence can show the requisite details, the nonmovant fails to carry his burden, and the movant is entitled to a dismissal. *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446–47 (Tex. App.—Fort Worth 2023, pet. denied). When, despite the nonmovant meeting their burdens, the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law," dismissal is required. CIV. PRAC. & REM. § 27.005(c), (d); *Ferchichi*, 713 S.W.3d at 336; *Horizontal Dev. Partners*, 715 S.W.3d at 445.

If a trial court does not rule on a TCPA motion to dismiss on or before "the 30th day following the date the hearing on the motion concludes," the motion is considered to have been denied by operation of law and the moving party may appeal. *See* CIV. PRAC. & REM. §§ 27.005(a), .008(a) (authorizing a party to appeal when the party's TCPA motion to dismiss "is considered to have been denied by operation of law"); *David H. Arrington Oil & Gas Operating, LLC v. Wilshusen*, 630 S.W.3d 184, 188–89 (Tex. App.—Eastland 2020, pet. denied). Accordingly, we treat the absence of timely orders following the March 22 hearing as denials of the parties' motions by operation of law. *See, e.g.*, *Hale v. Rising S Co. LLC*, No. 05-19-00932-CV, 2020 WL 104626, at *1 (Tex. App.—Dallas Jan. 9, 2020, no pet.) (mem. op.) ("When no order had been signed on or before [the 30th day after the hearing], the TCPA motion was denied by operation of law.").

B. *Haygood's TCPA Motion to Dismiss was Untimely*

Haygood first argues that the trial court erred in denying his TCPA motion because Serrano's suit was filed against him based on his right to petition and right of free association. *See* CIV. PRAC. & REM. § 27.003(a). Serrano counters that Haygood's TCPA motion was properly denied because it was untimely. *See id.* § 27.003(b). On appeal, Haygood does not address the timeliness of his TCPA motion to dismiss. For reasons expounded below, we agree with Serrano.

"[T]he TCPA dictates compliance with the time periods in mandatory terms at each step." *Morin v. Law Office of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at *3 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.); *see Venero v. Lozada*, No. 07-23-00022-CV, 2023 WL 4831611, at *2 (Tex. App.—Amarillo July 27, 2023, pet. denied) (mem. op.) ("The deadlines for filing and setting a hearing on a motion to dismiss under the TCPA are mandatory."). Unless the parties agree to extend the filing deadline or the trial court extends the deadline on a showing of good cause, a TCPA movant must file their motion to dismiss within sixty days after service of the complained-of legal action. CIV. PRAC. & REM. § 27.003(b); *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 82 (Tex. 2025).

The record reflects that Haygood was served with Serrano's petition on November 13, 2023. Serrano's petition set forth the essential factual allegations and provided notice of her claims and the relief sought. *See Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021) ("Our notice-pleading rules require pleadings to not only give notice of the claim and the relief sought but also of the essential factual allegations.") (internal quotation marks omitted); *see also Borderline Mgmt., LLC v. Ruff*, No. 11-19-00152-CV, 2020 WL 1061485, at *5 (Tex. App.—Eastland Mar. 5, 2020, pet. denied) (mem. op.) ("A petition that gives fair notice of a claim starts the time period in which to file a TCPA motion to dismiss."). Haygood filed his TCPA motion to dismiss on January 16, 2024—sixty-four days after the service of Serrano's petition. Neither a request for an extension of the filing deadline nor an agreement to extend the deadline appear in the record. *See* CIV. PRAC. & REM. § 27.003(b) (setting forth deadline extension requirements). Thus, Haygood's TCPA motion to dismiss was untimely, and he forfeited any protections of the TCPA that may have applied. *See Borderline Mgmt.*, 2020

WL 1061485, at *4 ("A party who fails to timely file a motion to dismiss forfeits the protections of the statute."); *see also, e.g.*, *Soler v. Sukerman*, No. 03-24-00783-CV, 2025 WL 1634088, at *2 (Tex. App.—Austin June 10, 2025, pet. filed) (mem. op.) (The appellant "surpassed the sixty-day statutory deadline to file her TCPA motion to dismiss and thus forfeited any protections of the TCPA that may have applied.").

Accordingly, we hold that the trial court did not err in denying Haygood's TCPA motion to dismiss. *See Patriot Contracting, LLC v. Mid-Main Props., LP*, 650 S.W.3d 819, 824 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) ("[A] trial court does not err in denying an untimely filed TCPA motion, even a meritorious one."). We overrule Haygood's first issue.

C. *Serrano's Motion to Dismiss*

In Serrano's first issue, she argues that the trial court erred in denying her motion to dismiss Haygood's counterclaims. Serrano contends that the TCPA applies because Haygood's counterclaims, which constitute "legal actions," are "based on or [are] in response to" her exercise of the right to petition and right of free speech. *See* CIV. PRAC. & REM. §§ 27.001(6), .003(a), .005(b)(1)(B).

We first address whether Haygood's suit is based on or is in response to Serrano exercising her right to petition. *See* CIV. PRAC. & REM. § 27.005(b); *Ferchichi*, 713 S.W.3d at 336. Under the section of Haygood's petition titled "Facts in Support of Counterclaims," Haygood states:

> 6. On or about October 18, 2023, [Serrano] instituted the present proceeding.
>
> 7. On or about the same date, [Serrano], with the advice and counsel of her attorney, also filed a grievance through the State Bar of Texas against [Haygood].
>
> 8. Prior to the institution of suit, the parties engaged in confidential attempts to settle this matter without a lawsuit.

7

9. On information and belief, [Haygood] states that [Serrano's] refusal to enter into a settlement agreement is not based on a claim brought in good faith, but in an attempt to extort value from [Haygood] that [Serrano] erroneously believes [Haygood] possesses.

10. [Serrano] spoke to others in the community regarding [Haygood's] representation of her, and made materially false representations to these persons about [Haygood] and [Haygood's] law practice.

11. As a result of the institution of this proceeding, [Haygood] has incurred financial loss, loss of business goodwill, and mental and emotional damages stemming from [Serrano's] malicious prosecution.

Haygood goes on to state, "Upon termination of this proceeding or the administrative grievance proceeding in [Haygood's] favor, a judgment should be granted for [Haygood] against [Serrano] for the damages incurred."

As to his quantum meruit counterclaim where he alleges performance of the services for which he was hired and therefore entitlement to compensation, Haygood states, in relevant part, that "[t]his cause of action includes by reference all numbered paragraphs 1-18." Haygood then states that although he had informed Serrano that he would not be charging for additional legal services provided, he "now seeks to require additional damages from [Serrano] for that work."

Haygood's counterclaims are, by his own words, factually predicated upon Serrano's petition and grievance to the State Bar of Texas. *See Hanna v. Williams*, 681 S.W.3d 416, 424 (Tex. App.—Austin 2023, pet. denied) (noting that court filings are TCPA "communications" and if court filings' content or communicative nature constitute a "main ingredient" or "fundamental part" of non-movant's claims, such claims are "based on or in response to" those filings); *Szymonek v. Guzman*, 641 S.W.3d 553, 567 (Tex. App.—Austin 2022, pet. denied) (recognizing that a

movant's complaints about an attorney to the State Bar can implicate TCPA right to petition should the attorney allege the communications in a suit against the movant).

Thus, we hold that the TCPA applies to Haygood's counterclaims in that they were based on or related to Serrano's exercise of constitutional rights protected under the TCPA. *See, e.g.*, *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) ("The filings by the [appellee] in this lawsuit and in the administrative proceeding before the Railroad Commission were an exercise of the right to petition as defined by the TCPA. The [appellant's] counterclaim premised on those filings is therefore based on, related to, or in response to the [appellee's] exercise of the right to petition."); *Judwin Props. Inc. v. Lewis*, 615 S.W.3d 338, 347 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("Paragraph 16 of the [appellee's] counterclaim alleging [that the appellant] breached the contract by 'bringing suit on misrepresentations regarding restrictions of public record' is based on, related to, or in response to [the appellant's] exercise of the right to petition. Therefore, we hold the TCPA applies."); *cf. Darnell v. Rogers*, 588 S.W.3d 295, 302 (Tex. App.—El Paso 2019, no pet.) (concluding that the appellee did not establish, by a preponderance of the evidence, that the appellant's claims against him are related to, or made in response to, the appellee's exercise of the right to petition where there was no mention of a grievance or any other communication with the State Bar of Texas in the appellant's petition against the appellee).

Having determined that the TCPA applies, the burden then shifted to Haygood to establish a prima facie case to support his counterclaims of malicious prosecution and quantum meruit. *See* CIV. PRAC. & REM. § 27.005(c); *Ferchichi*, 713 S.W.3d at 336.

9

### 1. *Malicious Prosecution*

The elements of a claim for malicious prosecution are: (1) a civil judicial proceeding was previously filed; (2) the defendant caused the original suit to be filed; (3) the commencement of the suit was malicious; (4) no probable cause existed for the filing of the suit; (5) termination of the original suit in favor of the party prosecuting the later malicious-prosecution action; and (6) damages conforming to the legal standards under Texas law. *Finlan v. Dall. Indep. Sch. Dist.*, 90 S.W.3d 395, 406 (Tex. App.—Eastland 2002, pet. denied); *see Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996).

We address the fifth element of this cause of action, whether at the time Haygood brought his malicious prosecution counterclaim, the original suit—Serrano's suit against Haygood—had terminated in his favor, because it is dispositive. *See Tex. Beef Cattle Co.*, 921 S.W.2d at 207 (addressing only the dispositive elements); *Saks & Co., LLC v. Li*, 653 S.W.3d 306, 312 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (same). It is undisputed that Serrano's suit against Haygood was ongoing at the time Haygood filed his counterclaim. Haygood's pleading acknowledges this, stating under the section titled "Cause of Action for Malicious Prosecution": "[u]pon termination of this proceeding . . . a judgment should be granted for [Haygood] against [Serrano] for the damages incurred."

Because Haygood did not establish by clear and specific evidence that the original suit was terminated in his favor, Haygood cannot meet his burden to make a prima facie case for his malicious-prosecution claim. *See Tex. Beef Cattle Co.*, 921 S.W.2d at 207; *Human Power of N Co. v. Turturro*, No. 03-24-00305-CV, 2024 WL 4643931, at *4 (Tex. App.—Austin Nov. 1, 2024, no pet.) (mem. op.) ("We conclude that [the appellee] did not meet his burden to make a prima facie case for

10

his malicious-prosecution claim because he did not allege clear and specific evidence supporting at least the fifth and sixth elements."). Here, the trial court erred in denying Serrano's TCPA motion to dismiss Haygood's malicious prosecution claim. *See Horizontal Dev. Partners*, 715 S.W.3d at 445.

### 2. *Quantum Meruit*

"Quantum meruit is an equitable theory 'founded in the principle of unjust enrichment.'" *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 436 (Tex. 2023) (quoting *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)). Generally, the existence of an express contract covering the subject matter of the dispute precludes recovery in quantum meruit. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 737 (Tex. 2018) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (orig. proceeding)). "However, the existence of an express contract does not preclude recovery in quantum meruit for the reasonable value of work performed and accepted which is not covered by an express contract." *Id.*

To recover under quantum meruit, a claimant must prove that:

1. valuable services were rendered or materials furnished;

2. for the defendant;

3. the services or materials were accepted by the defendant; and

4. the defendant was reasonably notified that the plaintiff performing the services or providing the materials was expecting to be paid.

*Id.*; *Davis v. Crawford*, 700 S.W.3d 438, 451 (Tex. App.—Eastland 2024, no pet.). A review of the fourth element is dispositive here.

Haygood's pleadings acknowledge that he entered into a contract to provide legal services to Serrano and was paid accordingly. Haygood states that Serrano then requested additional legal services, and he notified Serrano that he would not charge her for those services. Haygood concluded that he "now seeks to require

11

additional damages from [Serrano] for that work." By Haygood's own admissions, he communicated to Serrano that he did not expect to be paid for additional services that he thereafter would perform. Therefore, Haygood is unable to meet his burden to make a prima facie case for his quantum meruit claim as he did not establish by clear and specific evidence that there was an agreement for Serrano to pay for the additional benefits she received. *See* CIV. PRAC. & REM. § 27.005(c) (requiring that each element be proven by clear and specific evidence); *see also Key Energy Servs., Inc. v. TBS Intern., Inc.*, No. 11-05-00153-CV, 2006 WL 2507616, at \*3 (Tex. App.—Eastland Aug. 31, 2006, no pet.) (mem. op.) (concluding the evidence was legally insufficient to support the jury's finding on the elements of quantum meruit where there was no implied agreement to pay for the benefits received). Consequently, the trial court erred in denying Serrano's TCPA motion to dismiss Haygood's quantum meruit claim. *See Horizontal Dev. Partners*, 715 S.W.3d at 445. We sustain Serrano's first issue.

With respect to Serrano's first issue, we remand this case to the trial court for determination of any applicable attorney's fees, costs, and sanctions that it finds should be awarded to Serrano under Section 27.009.[2] *See* CIV. PRAC. & REM. § 27.009(a)(1), (2); *see, e.g.*, *Davis*, 700 S.W.3d at 444.

### III. *No Interlocutory Appeal for the Denial of a Rule 91a Motion*

The parties additionally challenge the trial court's "denial"[3] of their respective Rule 91a motions to dismiss. As an initial matter, "unlike under the TCPA, the trial court's failure to rule [on a Rule 91a motion] within the 45-day deadline does not

---

[2]A movant who prevails on a TCPA motion to dismiss is entitled to an award of court costs and reasonable attorney's fees. CIV. PRAC. & REM. § 27.009(a)(1). Under appropriate circumstances, a trial court may also award sanctions against the party who brought the legal action. *Id.* § 27.009(a)(2); *Davis*, 700 S.W.3d at 444 n.4.

[3]The clerk's record similarly does not contain a written order denying the parties' Rule 91a motions.

convert the 'non-ruling' into a denial by operation of law." *San Jacinto River Auth. v. Lewis*, 572 S.W.3d 838, 840 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see* TEX. R. CIV. P. 91a.3 (The trial court must grant or deny a Rule 91a motion to dismiss within forty-five days after the motion is filed.). However, the trial court's "denial" of the parties' Rule 91a motions is not subject to interlocutory appeal. *See* CIV. PRAC. & REM. § 51.014 (setting forth appealable interlocutory orders); *see also Harris Cnty. v. Deary*, 695 S.W.3d 566, 577 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (noting that generally denials to Rule 91a motions are not subject to interlocutory review); *Krause v. Mayes*, 652 S.W.3d 880, 885 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (same); *In re Shire PLC*, 633 S.W.3d 1, 11 n.3 (Tex. App.—Texarkana 2021, orig. proceeding) (same); *Koenig v. Blaylock*, 497 S.W.3d 595, 598 n.4 (Tex. App.—Austin 2016, pet. denied) (same).

Because we have jurisdiction to consider interlocutory appeals only as authorized by statute, and because no statute authorizes an interlocutory appeal of the trial court's "denial" of the parties' Rule 91a motions to dismiss, we do not have jurisdiction to review the trial court's "orders" that relate to the parties' Rule 91a motions. *See generally Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019) ("While Texas appellate courts generally only have jurisdiction over appeals from final judgments, they do have jurisdiction over appeals from interlocutory orders when authorized by statute."). The parties' respective second issues are dismissed for want of jurisdiction.

## IV. *This Court's Ruling*

We affirm the trial court's denial of Haygood's motion to dismiss pursuant to the TCPA. We reverse the trial court's denial of Serrano's motion to dismiss pursuant to the TCPA, render judgment dismissing with prejudice Haygood's counterclaims for malicious prosecution and quantum meruit, and remand this cause

13

to the trial court for a determination of the amount of attorney's fees, costs, and, if applicable, sanctions to be awarded to Serrano. To the extent the parties' have appealed the trial court's "denial" of their respective Rule 91a motions, we dismiss that portion of the appeal for want of jurisdiction.


        W. BRUCE WILLIAMS

        JUSTICE


September 25, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

14